Crim. No. 36636. Second Dist., Div. Four. Aug. 27, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL D. FULTON, Defendant and Appellant.

**COUNSEL**

Joseph F. Walsh, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Weisman , Robert R. Anderson and Thomas L. Willhite, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

WENKE, J.*—Appellant was charged and found guilty, after a jury trial, of four robberies and two burglaries. In addition, as to all charges,

*Assigned by the Chairperson of the Judicial Council.

the jury found that he used a firearm. He was sentenced to nine and one-third years in state prison.

## APPELLANT'S CONTENTIONS

1.  Error in the admission of the former testimony of a witness;

2.  Error in limiting cross-examination as to a witness' address;

3.  Error in refusing an instruction relative to eyewitness identification testimony;

4.  Error in denying a motion to sever; and

5.  Error in sentencing.

## STATEMENT OF THE CASE

On August 9, 1977, at about noon, Victor Quintero and Maria Gonzalez were robbed in his apartment by two armed men, one of whom, according to both victims, was the appellant. This event was the genesis of two counts of robbery and one count of burglary.

Subsequently, about 2 p.m. on September 16, 1977, Jose Marroquin and the babysitter for his children, Dolores Anaya, were robbed in his home by a boy and a man, both armed, the latter of whom was identified by Marroquin as the appellant. This incident was the basis for the remaining two counts of robbery and the other count of burglary.

## ADMISSION OF FORMER TESTIMONY

■ The preliminary hearing transcript testimony of Dolores Anaya, a robbery victim, was read at the trial. Appellant contends that the prosecution failed to exercise due diligence in its efforts to secure her presence, relying on *People* v. *Enriquez* (1977) 19 Cal.3d 221 [137 Cal.Rptr. 171, 561 P.2d 261]. In that case the prosecution made a perfunctory effort to locate the critical witness. In the instant case a thorough investigation was made by two investigators. As the record shows, they explored every reasonable avenue of possible information. Appellant does not suggest even one possibility that was overlooked. In addition this witness was not able to positively identify the appellant as

a participant. The impact of her testimony, insofar as appellant is concerned, can hardly be described as even minimal.

Appellant also argues that since he was represented by different counsel at the preliminary hearing, his trial counsel was not able to effectively discuss the credibility of Anaya, relying on *People v. Manson* (1976) 61 Cal.App.3d 102, 199 [132 Cal.Rptr. 265]. In *Manson* a new attorney was appointed late in the trial after 88 witnesses had testified. Hardly a comparable situation. We find no merit in this contention.

### RIGHT TO KNOW WITNESS' ADDRESS

The trial court did not allow appellant to ascertain the present address of one of the victim witnesses, Mr. Quintero. Appellant's claim to this information is founded on cases involving informants who were involved in consensual transactions out of which the prosecutions arose. Their credibility was critical and it was essential that the defense have an opportunity to investigate their veracity among those who knew them. Appellant does not give us any reason whatsoever as to why this should be extended to victims, particularly where their testimony is corroborated, as in the instant case, and we cannot think of any. We note that appellant was aware of the witness' address at the time the crime was committed.

### EYEWITNESS IDENTIFICATION TESTIMONY

Appellant submitted several instructions relative to identification that the court failed to give. These instructions had their derivation in *People v. Guzman* (1975) 47 Cal.App.3d 380 [121 Cal.Rptr. 69], and would have been appropriate. However, the court did give certain CALJIC instructions that were held to be sufficient on this very issue in *People v. Blair* (1979) 25 Cal.3d 640, 663 [159 Cal.Rptr. 818, 602 P.2d 738]. It is also interesting to note that in *Guzman* the court stated (at p. 388) that in view of the general instructions given on credibility it would not have reversed except for other errors. (See *People v. Vindiola* (1979) 96 Cal.App.3d 370, 386 [158 Cal.Rptr. 6].) Accordingly, failure to give the requested instructions was not error.

### DENIAL OF THE MOTION TO SEVER

Appellant made a motion to sever predicated on the fact that there were two unrelated incidents. The motion was denied. Appellant

concedes that the law permits joinder if there is a common element of substantial importance among them. However, he claims prejudice in that he contends the evidence supporting one situation was much stronger than that supporting the other and a "spilling over" from the former prejudiced him as to the latter. He does not cite any authority in support of this contention.

The offenses were joined pursuant to Penal Code section 954 which permits joinder of the same class of crimes where there is a common element of substantial importance in their commissions even though the charges do not relate to the same transaction and were committed at different times and places and against different victims. (*Aydelott v. Superior Court* (1970) 7 Cal.App.3d 718, 722 [86 Cal.Rptr. 713].) In this case the crimes are of an identical nature and were consummated in an almost identical manner. As the court noted in *People v. Matson* (1974) 13 Cal.3d 35, at page 39 [117 Cal.Rptr. 664, 528 P.2d 752], it is difficult to show prejudice from a denial of severance and claims of abuse of discretion in this regard are almost always rejected. Our Supreme Court on pages 39, 40, and 41 of *Matson*, discusses all of the factors that must be considered. It is abundantly clear from this discussion that the fact that doubts over identity in one transaction are dispelled because of evidence relating to another transaction is not, in and of itself, "substantial prejudice" mandating a severance. Appellant presents nothing more than this. He has failed to persuade us.

SENTENCE ENHANCEMENT

■ On count IV, the robbery of Maria Gonzalez, the court added an enhancement (one-third of one year) for the armed allegation pursuant to Penal Code section 12022, subdivision (a). Appellant contends that *People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396], forbids this.

The respondent does not take issue with this interpretation of *Harvey*. However, it contends that the Legislature has, in effect, overruled *Harvey*. The basis for this assertion is an urgency measure signed by the Governor on May 29, 1980, amending Penal Code section 1170.1, subdivision (a) in order to clarify and reemphasize legislative intent since July 1, 1977.

In *Harvey* the court was called upon to interpret certain language in Penal Code section 1170.1, subdivision (a), as it had reference to Penal

Code section 667.5, subdivision (c), paragraph (8); specifically, whether enhancement as provided by section 1170.1, subdivision (a), was permissible on the basis of the crimes included within the ambit of the general terms of that paragraph (8), subdivision (c) of section 667.5. The court said it was not.

The Legislature's response to *Harvey* amended Penal Code section 1170.1, subdivision (a), so that it included the offenses described in Penal Code section 667.5, subdivision (c), paragraph (8), which, if applicable in the instant case, would add four months to the sentence. Appellant contends that to apply this subsequently enacted legislation against him would contravene the prohibitions against ex post facto laws, relying on *People* v. *Ward* (1958) 50 Cal.2d 702 [328 P.2d 777], in that it alters his situation to his disadvantage. We agree. The effect of the legislation was to change appellant's punishment by making it greater. Accordingly, it is of an ex post facto nature. (*People* v. *Ward, supra*, 50 Cal.2d at pp. 707, 710.)

Respondent places emphasis on the fact that the purpose of the legislation was simply to clarify existing intent. That undoubtedly is true but respondent does not cite any authority to the effect that the purpose of the legislation, as contrasted with its effect, is the determinative factor. In our opinion, the latter is controlling.

The respondent relies heavily on the recent case of *People* v. *Poggi* (1980) 107 Cal.App.3d 581 [165 Cal.Rptr. 758]. That case deals with treatment for mentally disordered sex offenders. The court expressly stated on page 592 that while the commitment for treatment could be extended the term of a prisoner in state prison could not.

The judgment of conviction is affirmed. Appellant's sentence is ordered modified by reducing it from nine years and four months to nine years.

Files, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied September 23, 1980, and the petitions of both parties for a hearing by the Supreme Court were denied October 22, 1980. Clark, J., was of the opinion that the petitions should be granted.