[Crim. Nos. 4278, 4279. Fifth Dist. Mar. 27, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
LEONARD EDWARDS, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Harvey R. Zall, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, and Anthony L. Dicce, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

ALLEN, J.*—Appellant was convicted by a jury of six counts of robbery. The jury also found true a use allegation (Pen. Code, § 12022.5) as to each of the six counts. Additionally, appellant was charged in another information with one count of robbery and a use allegation (Pen. Code, § 12022.5). The jury found him guilty of the robbery count and made a true finding on the use allegation.

For purposes of sentencing, both matters were consolidated. Appellant now appeals from the judgment imposed, claiming various sentencing errors.

### STATEMENT OF FACTS

#### Counts I and II

On July 16, 1978, appellant entered the Fresno West Bait Shop and pointed a pistol at the clerk, Marvin Stanley Holley (Holley). Holley was talking on the telephone at the time, and appellant told Holley if he did not hang up the phone appellant would blow out the brains of Holley's son Michael Holley (Michael), who was behind the counter. Appellant was pointing the gun at Holley and also at Michael. Appellant threatened to blow Michael's brains out if he didn't turn around and face down to the floor. Holley heard appellant walk out and he got up. Appellant came back and said "I told you I was going to blow your brains out. Get back on the floor. This is exactly what I mean." Holley then got back down on the floor. Appellant took approximately $237.10 from Holley's pockets and Michael's car keys.

#### Count III

On July 15, 1978, appellant entered the store known as Ace Lawnmower Sales & Service, pointed a gun at the owner, Anthony Schempre (Schempre), and told him to get on the floor. Appellant told Schempre not to get up or he would blow his brains out. Between $150 and $200 was taken from the cash register by appellant.

*Assigned by the Chairperson of the Judicial Council.

*Counts IV, V and VI*

On July 13, 1978, appellant and an accomplice approached Joseph Allen Velasquez (Velasquez), Robert Frank Encinas (Encinas) and Gary Martinez (Martinez) and asked them if they wanted to buy some TV's or stereos. Appellant advised them that some of the items were stolen.

They all met by arrangement the next day at the Bigby Villa Apartments to view the merchandise. Appellant drew a gun and pointed it at everybody. Several times appellant placed the gun against Encinas' head. All three, Velasquez, Encinas and Martinez, had their wallets taken from them by an accomplice. Property was also taken from the victims' cars. Eventually appellant told them to run away, and as they did so, a shot was fired.

The final robbery count, which was consolidated for sentencing with the above counts, occurred on July 17, 1978. On that day, appellant and one Davy Crockett entered the Langendorf Bakery. Appellant pointed a gun at the clerk, Jessie May McCrain and ordered her to "freeze." Appellant ordered McCrain to lie on the floor while Crockett emptied the contents of the cash register into a paper bag. McCrain's purse was also taken during the robbery.

The sentences imposed on the various counts were as follows:

Count I (information No. 236187-1, robbery of Marvin Holley), the upper term of four years with an additional two years for the Penal Code section 12022.5 enhancement running consecutive to the upper term for an aggregate term of six years.

Count II (information No. 236187-1, robbery of Michael Holley), the middle term of three years with an additional two years for the Penal Code section 12022.5 enhancement running consecutive to the middle term for a principal term of five years, the principal term to be subordinate to and to run concurrent with count I.

Count III (information No. 236187-1, robbery of Schempre), the middle term of three years with an additional two years for the Penal Code section 12022.5 enhancement running consecutive to the middle term for a principal term of five years, the principal term to be subordinate to and to run consecutive to count I. Three and one-third years of

the principal term were stayed, leaving a principal term of one and two-thirds years to run consecutive to count I.

Count IV (information No. 236187-1, robbery of Encinas), the middle term of three years with an additional two years for the Penal Code section 12022.5 enhancement running consecutive to the middle term for a principal term of five years, the principal term to be subordinate to and to run consecutive to count I. Three and one-third years of the principal term were stayed, leaving a principal term of one and two-thirds years to run consecutive to count I.

Count V (information No. 236187-1, robbery of Martinez), the middle term of three years with an additional two years for the Penal Code section 12022.5 enhancement running consecutive to the middle term for a principal term of five years, the principal term to be subordinate to and to run concurrent to count I.

Count VI (information No. 236187-1, robbery of Velasquez), the middle term of three years with an additional two years for the Penal Code section 12022.5 enhancement running consecutive to the middle term for a principal term of five years, the principal term to be subordinate to and to run concurrent to count I.

Information No. 236188-9 (robbery of McCrain), the middle term of three years with an additional two years for the Penal Code section 12022.5 enhancement, running consecutive to the middle term for a principal term of five years, the principal term to be subordinate to and to run consecutive to count I. Three and one-third years of the principal term were stayed, leaving a principal term of one and two-thirds years to run consecutive to count I.

The court also sentenced appellant on a County of Madera conviction (burglary), which was deemed a subordinate term to run consecutive to the term imposed for count I.

DISCUSSION

I

FACTORS IN AGGRAVATION

The court sentenced appellant to state prison for the upper term of four years as a result of appellant's conviction on count I. The trial

court sentenced appellant to an additional two years in state prison on the Penal Code section 12022.5 enhancement, this term to be consecutive to the four years imposed in count I.

■ Appellant contends that two of the factors used in the imposition of the upper term for the robbery of Marvin Holley in count I were improper.

In imposing the upper term on count I, the court gave as its reasons: "Defendant threatened the victim with violent actions; he was a very active participant in the robbery; and he was on parole from CRC at the time the robbery was committed." Appellant asserts that the threat of violent action and being a very active participant in the robbery were not proper factors in aggravation.

In *People* v. *Roberson* (1978) 81 Cal.App.3d 890, 893 [146 Cal.Rptr. 777], it was held that where a threat of violence could only be based on a defendant's use of a weapon in committing the crime, then this constituted an improper dual use of facts to both enhance (Pen. Code, § 12022.5) and aggravate. What distinguishes the instant case from *Roberson* is a direct verbal threat made by appellant in addition to his use of a gun.

In *People* v. *Davis* (1980) 103 Cal.App.3d 270, 280 [163 Cal.Rptr. 22], the court rejected a similar argument to the one appellant has raised in the instant case. In *Davis*, defendant urged that the trial court's reliance upon the "violence of the act" referred to his use of a gun and consequently was improperly used twice for both aggravation and enhancement under Penal Code section 12022.5. The court held "His urging is unpersuasive, since the circumstances surrounding the attempted robbery, highlighted by defendant's direct verbal threat of killing Williams, amply justify the trial court's consideration of 'violence of the act' as a circumstance in support of aggravation." See also *People* v. *Childs* (1980) 112 Cal.App.3d 374, 387 [169 Cal.Rptr. 183].

In the instant case, just as in *People* v. *Davis, supra*, 103 Cal.App.3d 270, appellant made a direct verbal threat to kill Marvin Holley. It should also be noted that the trial court stated that it was not using the use of the weapon as a circumstance in aggravation, indicating that the trial court was focusing on the verbal threats made by appellant, thereby avoiding the dual use of facts problem.

In sum, the sentencing court could properly use the factor that appellant threatened the victim with violent action as a factor in aggravation.

■ Next, appellant argues that the factor that "he was a very active participant in the robbery" is in error because appellant was the only participant in count I. We disagree. The court was only stating the obvious, in the sense that appellant was alone in committing the crime, thus he could not help but be active in its commission.

In any event, there were other factors to aggravate. Aside from the proper aggravating factors (appellant's threat and the fact that he was on parole from California Rehabilitation Center when he committed the instant offense), it is persuasive that the court found no circumstances in mitigation. When these factors are put together, it would not seem reasonably probable that a different sentence could have been imposed in the absence of active participation. As a result, resentencing on count I is not required.

## II

### CULBRETH AND HARVEY ERRORS

■ The trial court erred in imposing consecutive use enhancements on counts III and IV of information No. 236187-1, and on the offense in information No. 236188-9. (*People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396]; accord, *People* v. *Stompro* (1981) 116 Cal.App.3d 289 [171 Cal.Rptr. 903].) *Harvey* held that a Penal Code section 12022.5 use enhancement of a consecutive offense may only be imposed on those offenses specifically listed in Penal Code section 667.5, subdivision (c), and not for any felony in which the defendant uses a firearm. (*Id.*, at p. 761.) Because robbery with a firearm use is not one of those offenses specifically listed in Penal Code section 667.5, subdivision (c), the trial court erred in imposing an additional eight-month enhancement on the second robbery conviction. (*Ibid.*)[1]

---

[1]In apparent response to *Harvey*, the Legislature enacted Assembly Bill No. 2123 (Stats. 1980, ch. 132) which was signed into law; and as an urgency statute became effective May 29, 1980. Its purpose was to make clear its intent that enhancement under Penal Code section 1170.1, subdivision (a), is not limited to the specific felonies listed in subdivision (c) of Penal Code section 667.5. Penal Code section 1170.1 was amended to incorporate paragraph (8) of subdivision (c) of Penal Code section 667.5 so that enhancement is properly applied to any felony in which a firearm has been charged and

Appellant's sentence is modified by reducing it 24 months due to the *Harvey* error in counts III and IV of information No. 236187-1, and the offense in information No. 236188-9. (*People* v. *Stompro, supra,* 116 Cal.App.3d 289.)

■ Next, appellant's contention that *In re Culbreth* (1976) 17 Cal.3d 330 [130 Cal.Rptr. 719, 551 P.2d 23][2] applies to counts I, II, IV, V and VI, is partially mooted by the application of *Harvey* as set forth above. However, there would be a *Culbreth* issue as to counts II, V and VI, assuming *Culbreth* applies to sentences imposed under the determinate sentence law (DSL).

Whether *Culbreth* has retained vitality with the advent of the DSL has been the subject of some debate. However, those cases which have held that *Culbreth* does not apply to DSL have either distinguished it on the facts or were ordered depublished.

When the Legislature last amended Penal Code sections 1170 and 1170.1 and 12022.5, it did not address itself to the *Culbreth* issue. Hence, none of the statutory changes pertaining to the DSL, with the possibility of one exception, mentioned any intent to abolish the single-occasion rule as promulgated in *People* v. *Culbreth, supra,* and in *People* v. *Chavez* (1980) 26 Cal.3d 334 [161 Cal.Rptr. 762, 605 P.2d 401]. Furthermore, a long-held rule of statutory construction is that "it is not to be presumed that the legislature in the enactment of statutes intends to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by

---

proved as provided in Penal Code section 12022.5.

It has been held that this legislative amendment cannot be applied to occurrences which took place before May 29, 1980, to impose an enhancement in contravention of *Harvey*. (*People* v. *Savala* (1981) 116 Cal.App.3d 41 [171 Cal.Rptr. 882]; *People* v. *Fulton* (1980) 109 Cal.App.3d 777, 782-783 [167 Cal.Rptr. 436].)

We agree with *Savala* and *Fulton* that *Harvey* is applicable to the instant case.

[2]In *In re Culbreth, supra,* 17 Cal.3d 330 (a pre-DSL case) a family fight had culminated in defendant shooting and killing his common law wife, his mother-in-law, and his brother-in-law in a "single frenetic act of violence . . . ." The court sentenced defendant to consecutive sentences on two murder counts, to a concurrent sentence on a manslaughter count, and as to each count the court purportedly applied the additional penalty presented in section 12022.5.

The Supreme Court held that "There was but one occasion, one intent, one objective, one indivisible transaction." (*Id.*, at p. 335.) Thus, Penal Code section 12022.5 may be applied only once. The Supreme Court ordered "The judgment is modified to provide that petitioner shall serve only one additional period of imprisonment pursuant to Penal Code section 12022.5." (*Ibid.*)

necessary implication." (*County of Los Angeles* v. *Frisbie* (1942) 19 Cal.2d 634, 644 [122 P.2d 526]; *Theodor* v. *Superior Court* (1972) 8 Cal.3d 77, 92 [104 Cal.Rptr. 226, 501 P.2d 234].

The one exception mentioned above is subdivision (h) of Penal Code section 1170.1 added in 1979 (Stats. 1979, ch. 944, § 12, p. 3588) which provides: "(h) For any violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or sodomy or oral copulation by force, violence, duress, menace or threat of great bodily harm as provided in Section 286 or 288a, the number of enhancements which may be imposed shall not be limited, regardless of whether such enhancements are pursuant to this or some other section of law. Each of such enhancements shall be a full and separately served enhancement and shall not be merged with any term or with any other enhancement."

By adding subdivision (h) to Penal Code section 1170.1, it is clear that the Legislature intended that in regards to the specific offenses listed in subdivision (h), the number of enhancements which could be imposed could not be limited. This appears to be the only area in the DSL whereby the Legislature expressly determined or by necessary implication abrogated the single-occasion rule set forth in *Culbreth.*

By applying the familiar maxim *expressio unius est exclusio alterius* we find that the legislative intent, with the exception of Penal Code section 1170.1, subdivision (h), was to leave unaltered the applicability of *Culbreth* to other offenses where additional punishment is proscribed for such offenses in which a firearm is used.

Here, the DSL is silent on the *Culbreth* case, with the one exception just mentioned. Hence to say that *Culbreth* is no longer valid would be to rely too heavily on the silence of the Legislature. Likewise, to say that *Culbreth* no longer applies because of its apparent exclusion under Penal Code section 1170.1, subdivision (h), would ignore the maxim of statutory construction that when a statute expresses certain exceptions to a general rule, other exceptions are necessarily excluded. (*Collins* v. *City & Co. of S.F.* (1952) 112 Cal.App.2d 719, 731 [247 P.2d 362].) Therefore, we find that *Culbreth* does apply to the sentencing issues in the instant case.

The next issue then is how *Culbreth* affects the instant case.

Under the *Culbreth* analysis there would be a single use of the firearm in counts II, V and VI. In each of these counts, there was a single occasion of the use of a gun on multiple victims. Hence if a use enhancement is employed in count I, it cannot be used again in count II. Similarly, if a use enhancement is employed in count IV, it cannot be used again in either count V or VI. Hence, the rule under *Culbreth* compels a remand to the trial court for resentencing on counts II, V and VI. The proper remedy is to stay execution of the multiple use findings. (Cal. Rules of Court, rules 447 and 449.)

### III

### REASONS FOR IMPOSING CONSECUTIVE SENTENCES

Appellant asserts that the trial court's failure to state the reasons for imposing the Madera County burglary conviction consecutive to count I was error. (*People v. Walker* (1978) 83 Cal.App.3d 619, 622 [148 Cal.Rptr. 66].)

In this connection, the following colloquy took place between the deputy district attorney and the court with regard to the imposition of the sentence on the Madera conviction: "MR. HUSS: Is the Court making any finding as to how all these charges will be treated in relation to the Madera conviction and sentence which was this fall? It's my understanding that he was sentenced to two years for a burglary conviction. It would seem that that term would probably become now subordinate to the principle [*sic*] term here at least.

"But I'm wondering if the Court has any feeling as to what is going to happen? I think if the Court doesn't state anything, I think they will just be run concurrent.

"THE COURT: That term of imprisonment will also be a subordinate term and run consecutively to the imprisonment imposed for the offense charged in the First Count of the Information Number 236187-1, and all other terms additional and consecutive thereto; which will be that it will be reduced from the two years to a term of two-thirds of one year."

The reasons for imposing consecutive terms must be expressly stated. Without such a statement, a sentence cannot properly be reviewed nor can the objective of uniformity under the DSL be achieved. (*Ibid*; see also *People v. Whitehouse* (1980) 112 Cal.App.3d 479, 486 [169

Cal.Rptr. 199].) Penal Code section 1170, subdivision (c), requires the court to state the reasons for its sentence choice (see also Cal. Rules of Court, rule 443); the imposition of a consecutive sentence is a sentencing choice. (*People* v. *Bejarano* (1981) 114 Cal.App.3d 693, 704 [173 Cal.Rptr. 71], citing *People* v. *Lawson* (1980) 107 Cal.App.3d 748 [165 Cal.Rptr. 764].)

Here, the court did not state any reasons for imposing a consecutive term on the Madera burglary conviction. There is nothing in the record to indicate that the sentencing judge was cognizant of the circumstances of the Madera offense or any factors under California Rules of Court, rule 425, upon which he could rely to impose a consecutive sentence.

There must be a remand for resentencing on the Madera conviction.

## IV

### Credit for Time Served

When an accused is given concurrent sentences, Penal Code section 2900.5 requires that the presentence confinement time be credited to each sentence. (See *People* v. *Schuler* (1977) 76 Cal.App.3d 324, 330 [142 Cal.Rptr. 798].)

In the instant case, the abstract of judgment does not disclose credit for presentence time as to the concurrent counts (counts II, V and VI). A modification of the abstract of judgment is required so that the Department of Corrections will be informed that appellant is to be given 190 days credit for presentence time served on the concurrent counts.

## V

### Good-time/Work-time Credits

The Supreme Court decision in *People* v. *Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874] requires that a defendant is entitled, pursuant to Penal Code sections 2900.5 and 4019, to good-time/work-time credits earned during presentence custody.

Here, the abstract of judgment does not indicate that appellant was to receive good-time/work-time presentence credits. Accordingly, the

trial court is directed to modify the abstract of judgment to reflect the applicable good-time/work-time credits accrued by appellant.

## VI

### PENAL CODE SECTION 669

■ Appellant points out that the sentencing court did not expressly state that the robbery conviction in information No. 236188-9 was to run consecutive to any other count, hence he contends it must be deemed to run concurrently. (Pen. Code, § 669;[3] *People* v. *Collins* (1975) 44 Cal.App.3d 617 [118 Cal.Rptr. 864].) Acknowledging that the abstract of judgment indicates that the sentence runs consecutive, appellant asserts that under *People* v. *Mesa* (1975) 14 Cal.3d 466, 471 [121 Cal.Rptr. 473, 535 P.2d 337], the oral pronouncement of judgment is controlling and that the oral pronouncement fails to direct whether the sentence is to run concurrent or consecutive.

The court sentenced appellant on the conviction in information No. 236188-9 as follows: "Defendant having been convicted by a jury of the offense of a felony, to wit, a violation of Section 211 of the Penal Code as charged in the Information Number 236188-9, robbery of Jessie McCrain, and probation having been denied; it is the judgment of this court and it is hereby ordered, adjudged, and decreed that in punishment for said offense, the Defendant be imprisoned in the State Prison of the State of California for a term of three years."[4]

---

[3]Penal Code section 669 provides in pertinent part: "When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently or consecutively. . . . Upon the failure of the court so to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently."

[4]The reporter who prepared the reporter's transcript evidently failed to transcribe part of the sentencing hearing in the transcript of 5 Criminal No. 4279. For purposes of sentencing, actions No. 236187-1 (i.e., counts I through VI) and No. 236188-9 were consolidated. Consequently the reporter's transcript of the sentencing hearing contained in each file should have been the same. However, in the reporter's transcript of action No. 236187-1 the court also said concerning the conviction in information No. 236188-9: "It is the further judgment of this Court and it is hereby ordered, adjudged, and decreed that the aggregate term of imprisonment imposed for the offense charged in Information Number 236188-9 *shall be subordinate and run consecutive to the prin-*

Contrary to appellant's contentions, the court intended to impose a consecutive sentence for conviction in information No. 236188-9, thus Penal Code section 669 is inapposite.

Also, appellant's argument that Penal Code section 2900.5 credit must be given has no merit. If the sentence is consecutive, the sentences are treated as one for purposes of Penal Code section 2900.5. (*Cerda* v. *Superior Court* (1974) 42 Cal.App.3d 491, 494-495 [116 Cal.Rptr. 896]; see also *People* v. *Schuler, supra*, 76 Cal.App.3d 324, 330, fn. 1.)

## VII

### THE PENAL CODE SECTION 12022.5 ENHANCEMENT

Appellant is correct in noting that the sentence imposed on the conviction in information No. 236188-9 fails to mention the Penal Code section 12022.5 enhancement. However, the record discloses that the court did impose a sentence for this conviction which, of necessity, had to include a Penal Code section 12022.5 enhancement. The court could have only reached the figure of one and two-thirds years consecutive sentence on information No. 236188-9, by taking one-third of the middle term of three years (one year) and one-third of the two-year enhancement (two-thirds of a year) for the total reached of one and two-thirds years. (See fn. 4.)

For this reason, appellant's contention that there was an intention to strike the Penal Code section 12022.5 enhancement must fail. Moreover, the court clearly did not intend to strike any enhancement because it expressly found no circumstances in mitigation. Penal Code section 1170.1, subdivision (g), allows the striking of enhancements when there are circumstances in mitigation, but the court's reasons for doing so must be stated in the record. (See also Cal. Rules of Court, rules 443 and 445.)

---

*ciple* [*sic*] *term of imprisonment imposed for the offense charged in the Information Number 236188-9* [*sic*], *and all other terms additional and consecutive thereto.* [¶] However, the Court orders that execution of three and one-third years of said term is stayed pending any appeal from this judgment; the stay to become permanent upon completion of the remaining subordinate terms of one and two-thirds years." (Italics added.)

For some reason this portion of the sentencing was left out of the reporter's transcript of action No. 236188-9. It is, however, clear that the court intended to sentence appellant to a consecutive term for the conviction in information No. 236188-9.

The court clearly exercised its discretion to impose the enhancement. (*People* v. *Williams* (1980) 103 Cal.App.3d 507, 519 [163 Cal.Rptr. 169], modified 104 Cal.App.3d 766e.)

The judgment appealed from is affirmed and the cause is remanded to the trial court for resentencing and modification of the abstract of judgment consistent with our findings.

For purposes of guidance the trial court is to:

(1) Resentence on the Madera conviction;

(2) Prepare a new abstract of judgment incorporating the modifications herein discussed due to the: *Harvey* and *Culbreth* errors; giving of the Penal Code section 2900.5 and *Sage* credits; and whatever sentence is imposed on the Madera conviction.

Franson, Acting P. J., and Hopper, J., concurred.