Filed 1/28/14  P. v. Padilla CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

THE PEOPLE,

    Plaintiff and Respondent,

        v.

FRANCISCO GONZALEZ PADILLA,

    Defendant and Appellant.

F066336

(Super. Ct. No. CRM021362)

**OPINION**

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  John D. Kirihara, Judge.

Rebecca P. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Alice Su, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Detjen, Acting P.J., Franson, J. and Peña, J.

Defendant Francisco Gonzalez Padilla admitted molesting his daughter and was convicted by jury of aggravated sexual assault of a child (Pen. Code, § 269, subd. (a);[1] count 1), forcible lewd act on a child (§ 288, subd. (b)(1); count 2), forcible sodomy (§ 288, subd. (a); count 3), and lewd acts on a child (§ 288, subd. (a); counts 4 & 5). He was sentenced to a total of 21 years to life in prison.

On appeal, defendant contends (1) the forcible sodomy conviction must be reversed because forcible sodomy is a lesser included offense of aggravated sexual assault and (2) the term on count 5 must run concurrently to the term on count 1 because the trial court did not expressly state it was to run consecutively. We will reverse the conviction on count 3 and affirm in all other respects.

## DISCUSSION

### I.     Lesser Included Offense

Defendant asserts that his forcible sodomy conviction cannot stand because it is a necessarily included offense of aggravated sexual assault. The People concede, and we agree.

In California, it has long been held that multiple convictions may not be based on necessarily included offenses. (*People v. Pearson* (1986) 42 Cal.3d 351, 355.) A defendant may not stand convicted of both a lesser included crime and the greater crime, based on a single act. (See *People v. Montoya* (2004) 33 Cal.4th 1031, 1034 [a judicially created exception to § 954 which permits multiple convictions for different offenses based on the same conduct].) When multiple convictions are based on necessarily included offenses, the conviction for the greater offense is controlling, and the conviction for the lesser offense must be reversed. (*People v. Pearson, supra,* at p. 355.)

"There are two tests for determining whether one offense is necessarily included in another: the 'elements' test and the 'accusatory pleading' test. [Citation.]" (*People v.*

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

2.

*Ramirez* (2009) 45 Cal.4th 980, 984-985.) Both tests are used in determining whether a defendant received adequate notice of the charges against him and may therefore be convicted of an uncharged crime, but only the elements test is used in determining whether a defendant may be convicted of multiple charged crimes. (*People v. Reed* (2006) 38 Cal.4th 1224, 1229-1230.) Under the elements test, we look strictly to the statutory elements of the offenses, not to the facts of the case. (*People v. Ramirez, supra,* at p. 985.) We ask whether ""'"all the legal ingredients of the corpus delicti of the lesser offense [are] included in the elements of the greater offense." [Citation.]' [Citations.]" (*People v. Lopez* (1998) 19 Cal.4th 282, 288.) In other words, "if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former. [Citations.]" (*Ibid*.)

Here, aggravated sexual assault of a child contains all of the elements of forcible sodomy and both crimes were predicated on the same act. Accordingly, we will reverse the forcible sodomy conviction.

## II. Consecutive Terms

Defendant contends his term on count 5 must be deemed to run concurrently with the term on count 1 because, although the trial court had discretion to impose the term consecutively, it did not expressly state it was doing so. We conclude the court intended to impose a consecutive term on count 5.

Section 669, subdivision (a), requires that multiple judgments "upon which sentence is ordered to be executed shall direct whether the terms of imprisonment … shall run concurrently or consecutively." It also requires that, "[w]henever a person is committed to prison on a life sentence which is ordered to run consecutive to any determinate term of imprisonment, the determinate term of imprisonment shall be served first …." Subdivision (b) adds: "Upon the failure of the court to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently."

In this case, the following occurred at sentencing:

"THE COURT: … Count One for which the defendant was found guilty car[r]ies an indeterminate sentence of 15 [years] to life, and so there's not much … deviation possible on that case. [¶] The other offenses, at least my recollection of Counts Two, Three, and Four arrive out of [the] same conduct that Count One did, so the Court intends to sentence on those cases, but the execution of sentence will be stayed pursuant to Penal Code [section] 654 because I believe we agreed that they are the same occurrence. [¶] Count Five is separate[;] I think we've designated that as the Hilmar incident, and that calls for separate sentencing in that case. [¶] … [¶]

"… Did the defense wish to comment on the report, or make any arguments with regard to sentencing?

"[DEFENSE COUNSEL]: Well, just … with regard to Count Five, the Court does have the discretion there to impose either the lower, mid, or upper term of three, six, or eight years consecutive. As the probation report reflects, [defendant] had no prior criminal history, his static 99 assessment indicates he's low risk to reoffend. So I would ask the Court to consider giving him the low term on that. I think that's appropriate given that he's already receiving 15 [years] to life on Count One. [¶] … [¶]

"THE COURT: And the People have any comments with regard to the probation report, or the recommendations, or my earlier comments?

"[PROSECUTOR]: People would submit on the report. In terms of Count Five, the People would ask for upper term. In this case, the defendant abused the position of trust. He abused his own daughter. He used force. And not only that, he has shown no remorse. He has not taken responsibility throughout this trial and even after the fact when he spoke to the probation officer. He—and as a result, we feel the upper term would be appropriate.

"THE COURT: Okay. Then this is the time for judgment and sentence…. [¶] On Count One, the violation of Penal Code section 269[, subdivision ](a), aggravated sexual assault of a child, the Court sentences the defendant to an indeterminate term of 15 years to life in state prison. That's the only sentence that's statutorily required for that offense. [¶] On Counts[] Two, Three, and Four, the Court intends to sentence on these counts, but the execution of these sentence[s] are stayed because it's the Court's belief based upon hearing the facts and circumstances during the

4.

trial, that Counts Two, Three and Four arrive out of the same course of conduct as Count One, and therefore execution would be stayed pursuant to Penal Code section 654.  [¶] … [¶]

"As far as Count Five is concerned, this involves the incident in Hilmar, which is separate and apart from the incidents which we've designated as the Stevenson [*sic*] incidents, that is, Counts One, Two, Three and Four.  In this case, the Court's going to choose the midterm commitment of six years.  Defendant's sentenced to a period of six years on this matter.  Again, I believe that clearly the defendant occupied a information [*sic*] of trust and confidence.  [¶]  This is obviously a terrible situation involving crimes of a sexual nature, substantial crimes committed of a sexual nature against the defendant's own daughter.  On the other hand, again, the Court finds that because of the fact that the defendant has no record of any significance that that circumstance in mitigation which the Court feels balances out circumstances in mitigation leading the Court's choice of the midterm commitment of six years for Count Five.  That count is not stayed by [section] 654.  It's a separate incident on Count One."

The court turned to the matter of credits and provided its calculations, after which it asked if counsel had any comments.  The following occurred:

"[DEFENSE COUNSEL]:  I believe that is correct, your Honor.

"[PROSECUTOR]:  I believe that is correct.  And that 347 days that is credited to Count Five, the determinate sentence of six years, that must be served first.

"THE COURT:  I believe the law requires determinate sentence must be served first, so that's put towards the Count Five.

"[DEFENSE COUNSEL]:  Yeah, I believe that's correct, as well."

And on the topic of restitution, the court asked the prosecutor about the calculation's relationship to the length of the sentence.  The prosecutor requested that the court use 21 years as the basis of the calculation.

We believe this discussion between the court and the parties demonstrates that the court intended to impose a consecutive term on count 5, even though the court did not

expressly state that the term was consecutive or concurrent.[2]  In the discussion, the court generally described the crime in count 5 as "separate" and "call[ing] for separate sentencing."  Defense counsel, however, expressly mentioned a consecutive sentence on count 5, reminding the court it had discretion to "impose either the lower, mid, or upper term of three, six, or eight years *consecutive*" (italics added), after which the prosecutor requested the upper term.  The court imposed the midterm of six years and agreed with both counsel that the six-year term would need to be served first—a reference to the mandate of section 669, subdivision (b), that a *consecutive* determinate term must be served before a life term.  Finally, the prosecutor's 21-year basis for restitution reflected the 15-year-to-life and six-year terms.  In sum, the court demonstrated its intention to sentence consecutively on count 5, and both parties understood and addressed that intention.  (See *People v. Edwards* (1981) 117 Cal.App.3d 436, 451-452 ["Contrary to appellant's contentions, the court intended to impose a consecutive sentence"].)

## DISPOSITION

The forcible sodomy conviction on count 3 is reversed.  The judgment is affirmed in all other respects.  The trial court is directed to prepare a modified abstract of judgment and forward it to the appropriate entities.

---

[2]	In addition, neither the abstract of judgment nor the clerk's minute order states whether the sentence on count 5 was consecutive or concurrent.