Filed 2/24/21  P. v. Perez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ADRIAN SILVA PEREZ, <br><br> Defendant and Appellant. | B302812 <br><br> (Los Angeles County Super. Ct. No. PA092022) |


APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Terrell, Judge.  Affirmed as modified.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Nancy Lii Ladner, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found appellant Adrian Perez guilty of two counts of second degree robbery, one count of intimidating a witness, and one count of making criminal threats. It further found that all the crimes were gang-related. The trial court sentenced appellant to an aggregate term of 20 years to life and imposed various fines and fees.

Appellant contends that the sentence on one of the robbery counts must be deemed concurrent to the remainder of the sentence because the trial court failed to specify whether it was to run concurrently or consecutively. We disagree. Although the trial court did not say the word "consecutively," its remarks regarding the aggregate sentence length made its intentions clear.

Appellant also contends that the trial court erred in denying his post-sentencing motion to vacate the fines and fees or provide him with a hearing regarding his ability to pay. We conclude that any error was harmless because appellant has the ability to pay the fines and fees imposed upon him from probable future wages.

On our own motion, we direct the trial court to correct clerical errors in the abstract of judgment, and we affirm the judgment as modified.

## BACKGROUND

### I.  Factual Background

On the afternoon of December 18, 2018, appellant and three other individuals stole items including alcohol and cosmetics from a CVS store. As they were leaving the store, appellant lifted his shirt and displayed to one of the store clerks a black object that was tucked into his pants. The clerk testified

2

that appellant told him "that this was his 'hood and that he would see me when I was off work."

Later the same day, appellant and some of the same individuals returned to the same CVS and stole more alcohol and cosmetics. The store manager testified that she stopped appellant as he was leaving, told him that she recognized him from earlier in the day, and requested that he leave the items. Appellant "pulled out a Taser and . . . said he knew who the hell [she] was and knew where [she] worked." Los Angeles Police Department (LAPD) officers located appellant at a nearby restaurant the following day and retrieved a Taser he disposed of in the trash there.

A gang expert from the LAPD opined that appellant was a member of the Brown Pride Sureños gang. When given hypotheticals that mirrored the facts of the case, the expert opined that the crimes were committed in association with and for the benefit of the gang.

## II. Procedural History

Appellant was charged by information with two counts of robbery (Pen. Code, § 211, counts 5 and 8),[1] one count of intimidating a witness (§ 136.1, subd. (c)(1), count 6), and one count of making criminal threats (§ 422, subd. (a), count 7). The information further alleged that all of the offenses were committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, and assist in criminal conduct by gang members. (§ 186.22, subd. (b)(1)(B) [criminal threats, count 7], (b)(1)(C) [robberies, counts 5 and 8], subd. (b)(4) [witness intimidation,

_____

[1]All further statutory references are to the Penal Code unless otherwise indicated.

3

count 6].)  It also alleged that appellant personally used a firearm during the commission of the count 5 robbery.  (§ 12022.53, subd. (b).)

Appellant proceeded to jury trial. At the close of evidence, the trial court granted his section 1118.1 motion as to the firearm enhancement allegation.  The remaining counts and allegations were submitted to the jury.  The jury found appellant guilty as charged and all the enhancement allegations true.  The court sentenced appellant to an aggregate term of 20 years to life.  Appellant timely filed a notice of appeal.

## DISCUSSION

### I.   Sentence on Count 8

#### A.   Background

The prosecution filed a sentencing memorandum requesting an aggregate sentence of 22 years to life.  The prosecution explained, "This sentence would be 7 years to life on count 6 [witness intimidation] with the gang allegation. The sentence on count 8 [robbery] would be 15 years, 5 for high term and 10 years for the gang allegation.  These two counts together would total 22 years to life.  [¶] As to count 7 [criminal threats], people would ask for high term 3 years with 5 additional years for the gang allegation, to be stayed as it is PC 654 with count 6. [¶] As to count 5 [robbery], people would ask for high term 5 years with the 10 years' gang allegation for 15 years.  Do [*sic*] to this being a subordinate term, it would be 5 years which the people would ask be run concurrent to the 22 years to life.  While we do believe that counts 5 and 6 are not merging under PC 654, [citation], we do consider the crimes['] similarity in asking that the time for those two charges to run concurrent."  Appellant did not file a sentencing memorandum.

4

At the sentencing hearing, the court asked the prosecution to explain why its recommended sentence on count 8 was not one-third the midterm. The prosecution stated, "the indeterminate and the determinate are calculated separately, your honor, so you have seven to life for the indeterminate term [on count 6], and for the determinate term you have the principal of count 8, which would be the 15 years and then you would have any subordinate terms . . . . You'd add the determinate with the indeterminate to get the 22 years to life." The court responded, "All right. So the determinate principal term is count 8. Counts 5 and 7 would be subordinate terms." The prosecution confirmed that was correct; appellant's counsel said nothing. Later, after arguments regarding aggravating and mitigating factors, appellant's counsel argued for the low term of two years on count 8. The prosecution requested the high term of five years.

The court imposed sentence as follows: "As to count 6, . . . the court is going to impose the indeterminate sentence of seven years to life, that is required pursuant to Penal Code section 186.22(b)(4). As to count 8, the issue in the court's mind is whether it should be the low term, mid term, or high term. The court is going to go with the mid term. I think [the prosecution] makes a good argument about all these aggravating factors, but I think the youth of the defendant as well as the loss to the victims is also something the court needs to consider as well as the overall sentence that's being addressed here. We're talking about a 20-year sentence, which is certainly not a slap on the wrist. So the court is going to impose the mid term of three years plus the ten years required pursuant to the 186.22, so the total sentence will be 13 years. As to count 7, which is a violation of Penal Code section 422, . . . I'm going to impose a sentence of seven years,

which is the mid term plus the five-year enhancement for the gang allegation, but that will be stayed pursuant to Penal Code section 654. As to count 5, the court is going to impose the mid term of three years plus the ten-year enhancement, so that will be a sentence of 13 years, but that will be concurrent with count 6." The court subsequently confirmed, "the total aggregate term of imprisonment for all counts and enhancements including both the determinate and indeterminate sentence is 20 years to life."

The minute order documenting the sentencing hearing does not say whether the sentence on count 8 was consecutive or concurrent. The first page of the abstract of judgment, which sets forth the indeterminate portion of appellant's sentence, includes a checked box indicating that there is an "Additional determinate term" on the following page. On that second page, the three-year midterm for count 8 is entered in the column titled "Principal or Consecutive Time Imposed." The three-year midterm for count 5 is entered in that same column, but is enclosed in parentheses to signify that it is concurrent. The 10-year enhancements on counts 5 and 8 are similarly distinguished: the count 5 enhancement is enclosed in parentheses, while the count 8 enhancement is not. The count 5 sentence also has an X in the "Concurrent" column; the count 8 sentence does not. At the bottom of the page, the "Total Time Imposed on this Attachment Page" is 13 years.

### B. Analysis

Appellant contends that section 669 requires his sentence on count 8 to be deemed concurrent, because the trial court did not specify whether it was concurrent or consecutive. We are not persuaded.

6

Section 669, subdivision (a) provides in relevant part: "When a person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, . . . the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively." (§ 669, subd. (a).) Section 669, subdivision (b) provides, in relevant part, that "[u]pon the failure of the court to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently." (§ 669, subd. (b).) "Where, as here, the trial court imposes an indeterminate life sentence and a determinate sentence, it has discretion to decide whether the sentences shall be served concurrently or consecutively." (*People v. Galvez* (2011) 195 Cal.App.4th 1253, 1264.)

Count 8 was the principal count of the determinate sentence here, and the record indicates that the court intended it to run consecutively to the indeterminate sentence, as the prosecution had recommended. The court stated, twice, that it was imposing an aggregate sentence of 20 years to life. Running count 8 consecutively was the only way to achieve that intended sentence, since the court expressly stated that count 5 was to run concurrently. The abstract of judgment supports this conclusion. It denotes the sentences on counts 5 and 8 differently and shows the total determinate term to be 13 years and the total indeterminate term to be seven years to life, the same as the aggregate term announced by the court.

We find *People v. Edwards* (1981) 117 Cal.App.3d 436 instructive. There, the appellate court found section 669

7

inapplicable where the record clearly demonstrated the trial court's intent to sentence the defendant consecutively. (*Id.* at pp. 451-452.) Here, the only interpretation supported by the record is that the court intended the sentence on count 8 to run consecutively. The record does not suggest that the court intended count 8 to run concurrently, or that it failed to recognize or exercise its discretion. We accordingly reject appellant's argument that the sentence on count 8 must be deemed concurrent.

## II.    Fines, Fees, and Assessments

### A.    Background

The trial court ordered appellant to pay fines, fees and assessments, including a restitution fine of $300 (§ 1202.4), a $40 court operations assessment for each count (§ 1465.8), a $30 court facilities assessment for each count (Gov. Code, § 70373), a $10 fine for each robbery count (§ 1202.5), a $4 surcharge (§ 1465.7), and $58 in court costs. Appellant's counsel did not object to any of the fines, fees, or assessments, or raise the issue of appellant's ability to pay them.

After appellant filed his notice of appeal, his appointed appellate counsel filed a "Motion to Vacate Fines and Fees and Stay Restitution Fine or Order an Ability to Pay Hearing." The motion is not in the appellate record, but the court order denying it is. In that order, the trial court stated: "In his Motion, Defendant requests that the restitution fine be stayed and that the remaining fees and/or fines be waived based on his inability to pay. In the alternative, Defendant seeks an ability to pay hearing. The Motion is based on the legal standard set forth in *People v. Duenas* (2019) 30 Cal.App.5th 1157 [(*Duenas*)]. If this court were to adopt the *Duenas* legal standard, Defendant would

8

be entitled to the relief he seeks.  However, the *Duenas* legal standard has been disapproved by numerous Appellate Courts. In *People v. Hicks* (2019) 40 Cal.App.5th 320, 329 [(*Hicks*)], the Appellate Court found that *Duenas* was wrongly decided. *See also People v. Kingston* (2019) 41 Cal.App.5th 272, 279-281, *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1068-1069, *People v. Caceres* (2019) 38 Cal.App.5th 917, 927. This court feels that the reasoning set forth in *Hicks* is more persuasive than the reasoning in *Duenas* and feels that the appropriate legal standard is the one stated in *Hicks*.  Under the *Hicks* legal standard, Defendant is not entitled to the relief it seeks. Therefore, the Motion is denied.  [¶] Nonetheless, the denial is without prejudice in that the issue is now pending before the California Supreme Court. Should the Supreme Court adopt the *Duenas* legal standard, and should Defendant subsequently file a motion for reconsideration, this court will re-evaluate the issue."

### B.    Analysis

Appellant now "urges this Court to adopt the standard first articulated in *Duenas*, rather than the competing standard expressed in *Hicks*."  He contends that the trial court violated his state and federal constitutional rights by failing to consider his ability to pay before imposing fines and fees, and requests that we vacate or stay them or remand for an ability-to-pay hearing. Respondent Attorney General responds that the trial court properly relied on *Hicks* and further contends that nothing in the record suggests that appellant lacks the ability to pay the fines, fees, or assessments.  Respondent also asserts that appellant, who was 19 years old when he was sentenced, will have a 20-year sentence during which he will have the opportunity to earn prison wages.

9

We need not resolve the *Duenas-Hicks* dispute. Even under *Duenas*, fines and fees are properly imposed if the defendant has the ability to pay them. "'"Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's present ability but may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody. [Citation.]' [Citations.]" (*People v. Aviles*, *supra*, 39 Cal.App.5th at p. 1076.)

Here, appellant did not raise the issue of his ability to pay at the sentencing hearing, even though *Duenas* was operative at the time. (See *People v. Castellano* (2019) 33 Cal.App.5th 485, 490 ["Consistent with *Dueñas*, a defendant must in the first instance contest in the trial court his or her ability to pay the fines, fees and assessments to be imposed and at a hearing present evidence of his or her inability to pay the amounts contemplated by the trial court."].) We can infer that appellant has the ability to pay the fines and fees imposed upon him from his probable future wages, including his prison wages. (*Ibid.*) "Prison wages range from $12 to $56 per month, depending on the prisoner's skill level. [Citations.]" (*People v. Aviles*, *supra*, at p. 1076.) The state is permitted to garnish a portion of those wages, as well as trust account deposits, to satisfy the restitution fine. (*Ibid.*; see § 2085.5, subd. (a).) Appellant will be incarcerated for a minimum of 20 years, which will give him ample time to earn sufficient funds to pay the fines and fees. Any error in the court's failure to provide him an ability-to-pay hearing accordingly is harmless. (*People v. Aviles*, *supra*, 39

Cal.App.5th at pp. 1075-1076; see also *People v. Jones* (2019) 36 Cal.App.5th 1028, 1035; *People v. Johnson* (2019) 35 Cal.App.5th 134, 139-140.)

## III.  Errors in Abstract

We have the authority to correct clerical errors on our own motion.  (§ 1260; *People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Amaya* (2015) 239 Cal.App.4th 379, 385.)  The abstract of judgment in this case incorrectly states that the gang enhancements on counts 5 and 8 were imposed pursuant to section "156.22(b)(1)(C)" rather than section 186.22, subdivision (b)(1)(C).  It also incorrectly states that the court failed to impose a sentence on count 7 rather than reflecting the imposed and stayed midterm sentence of two years and  five-year gang enhancement.  We direct the trial court to correct these errors and forward a certified copy of the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.

## DISPOSITION

The trial court shall correct the abstract of judgment to reflect that the enhancements on counts 5 and 8 were imposed under section 186.22, subdivision (b)(1)(C) and that the trial court imposed and stayed sentence on count 7 and the related enhancement.  The court shall forward a certified copy of the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

COLLINS, J.

11

We concur:

MANELLA, P. J.

CURREY, J.