[Crim. No. 41355. Second Dist., Div. Three. Mar. 22, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
DANNY STEVEN CALHOUN, Defendant and Appellant.

[Crim. No. 41510. Second Dist., Div. Three. Mar. 22, 1983.]

THE PEOPLE, Plaintiff and Appellant, v.
DANNY STEVEN CALHOUN, Defendant and Respondent.

118

COUNSEL

Abby Edleson Pollitt, under appointment by the Court of Appeal, for Defendant and Appellant and Defendant and Respondent.

John K. Van de Kamp, District Attorney, Harry B. Sondheim and Dirk L. Hudson, Deputy District Attorneys, for Plaintiff and Appellant and Plaintiff and Respondent.

OPINION

DANIELSON, J.—Pursuant to rule 31(d), California Rules of Court, defendant, Danny Steven Calhoun, appeals from a judgment of conviction entered upon his plea of guilty. His appeal is based solely upon grounds occurring after entry of the plea and does not challenge the validity of the plea.

The People have also appealed from the staying of certain parts of the sentence.

## PROCEDURAL AND FACTUAL BACKGROUND

Pursuant to a plea bargain, the details of which were stated in open court, defendant entered pleas of guilty to 12 of 34 counts of a consolidated information. The twelve counts were comprised of five counts of rape (Pen. Code, § 261, subds. (2) & (3));[1] one count of forcible oral copulation (§ 288a, subd.

---

[1] All code section references hereafter will be to the Penal Code unless otherwise indicated.

(c)); two counts of assault with a deadly weapon (§ 245, subd. (a)); two counts of kidnaping (§ 207); and two counts of robbery (§ 211). All of these offenses took place on eight different days between April 16 and November 23, 1980. Each offense was against a different female victim. The remaining counts were dismissed, after sentences had been imposed, pursuant to section 1385 and in accordance with the plea bargain agreement.

## I. DEFENDANT'S APPEAL

### CONTENTIONS

The defendant contends: (1) that the court erred and abused its discretion in denying defendant's motion to commence mentally disordered sex offender (MDSO) proceedings; and (2) that the court's decision not to commence MDSO proceedings was a "sentence choice" within the meaning of California Rules of Court, rule 405(f), and, therefore, the court erred in not stating its reasons for that sentence choice on the record, at the time of sentencing, as required by section 1170, subdivision (c). Both of these contentions are without merit.

### DISCUSSION

*1. The court did not err in not commencing MDSO proceedings*

On July 9, 1981, at the time of the proceedings on the plea bargain, both before the pleas were entered, and again, at the conclusion of that proceeding, defense counsel notified the court that he was going to move the court to institute MDSO proceedings at the time of sentencing. Defense counsel acknowledged at that time that there was no guarantee as to an MDSO proceeding in the plea bargain.

On September 18, 1981, the case came on for probation and sentencing and other proceedings. The court announced that it was aware that the defense desired the court to commence MDSO proceedings, but that the court did not intend to commence them on its own motion. Defense counsel announced that he was making such a motion at that time. The court agreed to hear his position.

The court had earlier appointed a psychiatrist and a psychologist to examine the defendant and report to defense counsel and the court on defendant, including whether defendant was an MDSO.

A hearing was held at which both the psychiatrist and the psychologist testified. Following the testimony, the court and counsel for the People and the

defendant conducted a colloquy on the subject of commencing MDSO pro-
·ceedings. On conclusion, the court commented that both the psychiatrist and the
psychologist felt that the defendant was an MDSO and that the court did not
have any reason to doubt that he was, but that the court did have a problem as to
whether the defendant was amenable to treatment, and that on the basis of the
testimony which had been presented, the court would not find that the defendant
was amenable to treatment. The court further stated that it did not feel that the
types of offenses committed in this case ought to be the basis for an MDSO
commitment; and that when there was the degree of violence towards victims
found in this case, including personal violence, sexual violence and property
crimes, as well as sex crimes, the likelihood of a substantial improvement in the
defendant was exceedingly remote. The court continued, "I don't think this
case belongs in the MDSO department . . .", and then denied the motion to
commence MDSO proceedings.

Sentence to state prison was imposed on October 2, 1981.

At that time Welfare and Institutions Code section 6302, subdivision (a),
read, in pertinent part, as follows: "When a person is convicted of any criminal
offense, whether or not a sex offense, the trial judge, on his own motion, or on
motion of the prosecuting attorney, or on application by affidavit by or on
behalf of the defendant, if it appears to the satisfaction of the court that there is
probable cause for believing such a person is a mentally disordered sex of-
fender within the meaning of this chapter, may adjourn the proceeding or sus-
pend the sentence, as the case may be, and may certify the person for hearing
and examination by the superior court of the county to determine whether the
person is a mentally disordered sex offender within the meaning of this
article."

■ The question presented by defendant on appeal in this case is whether
the trial court abused its discretion in not certifying defendant for hearing pur-
suant to section 6302, subdivision (a), to determine whether he was an MDSO.
The court said that it would not formally commence MDSO proceedings
because it had found that defendant was not amenable to treatment, in any
event.

Section 6302 of the Welfare and Institutions Code authorizes the trial judge to
adjourn criminal proceedings and to commence MDSO proceedings under the
circumstances set forth therein. The power vested in the trial judge by section
6302 is a discretionary power. The defendant did not make an application by af-
fidavit, as is called for by section 6302, but the court nevertheless heard the
defendant's motion that MDSO proceedings be commenced and gave it full
consideration. The trial court acted fully within its statutory discretion in deny-
ing defendant's motion. The defendant has not shown in what respect the court

abused its discretion in not ordering MDSO proceedings to be instituted. There is no error and defendant's first contention falls.

*2. The denial of a motion to commence MDSO proceedings is not a "sentence choice" within the meaning of section 1170, subdivision (c), and rule 405(f) of the Rules of Court.*

Defendant cites *People* v. *Lock* (1981) 30 Cal.3d 454 [179 Cal.Rptr. 56, 637 P.2d 292], in support of his contention that the court's decision not to institute MDSO proceedings was a "sentence choice." In *Lock* our Supreme Court held that where MDSO proceedings had been instituted, and where it had been determined that the defendant was an MDSO and was amenable to treatment, it was an abuse of the trial court's discretion under Welfare and Institutions Code, section 6316, for the court not to state its reasons on the record for not committing the defendant for treatment as an MDSO (*id.* at p. 460), because that decision was a "sentence choice" within the meaning of section 1170, subdivision (c). (*Id.* at p. 459; Cal. Rules of Court, rule 405(f); rule 453.)

The case at bench is distinguishable from *People* v. *Lock*. In *Lock* MDSO proceedings had been instituted and conducted, and recommendations had been made. In the case at bench MDSO proceedings were never instituted by the court; there were no MDSO proceedings. Moreover, the court stated that it would not find that defendant was amenable to treatment. The decision of whether or not to commence those proceedings is vested in the discretion of the trial judge by section 6302 of the Welfare and Institutions Code. That decision was not a "sentence choice" and the rule of *People* v. *Lock* does not apply. (See *People* v. *Sanderson* (1982) 138 Cal.App.3d 821, 824-825 [188 Cal.Rptr. 73].)

## II. People's Appeal

Pursuant to section 1238, subdivision (a)(5), the People appeal from the order made after judgment staying execution of the use of firearm enhancements (§ 12022.5) for counts 6, 9 and 26 (rape counts) after the admission of those allegations by defendant at the time of plea.

### Contention

The People contend that the trial court exceeded its jurisdiction in "staying" execution of the enhancements of sentence based upon section 12022.5 firearm use allegations as to these three rape counts (§ 667.6, subd. (d) sex offenses) without making findings in mitigation of the additional punishment.

Thus, we are asked to reverse the sentencing order "staying" section 12022.5 enhancements as to counts 6, 9, and 26.

## FACTS

On July 9, 1981, defendant changed his plea to guilty on 12 of the counts charged against him, together with certain allegations under sections 12022.5, 12022.3, subdivision (b), and 1203.06, subdivision (a)(1). The plea bargain provided that the maximum possible sentence was to be 50 years, and that the minimum would probably be 22 years.

Before the pleas were entered, the People had amended the information to charge the use allegations in counts 6, 9, and 26 pursuant to section 12022.5, rather than section 12022.3. These amendments were in conformity with the plea bargain, and defense counsel informed the court that he had no objection to them.

Defendant pleaded guilty, among other counts, to counts 6, 9, and 26, and admitted the 12022.5 and 1203.06, subdivision (a)(1) allegations. On October 2, 1981, the court pronounced sentence on these counts and on the 12022.5 enhancements. The court then announced that it was going to stay the enhancements as to counts 6, 9 and 26 ". . . during the service of . . . the remainder of the sentence, and during the pendency of any appeal. At the conclusion of the service of the sentence, the stay to become permanent." Each of those counts had charged defendant with forcible rape (§ 261, subds. (2) & (3)) against a separate victim and had also alleged that in the commission of the felony, the defendant had personally used a firearm within the meaning of sections 12022.5 and 1203.06, subdivision (a)(1).

## DISCUSSION

In response to the People's contention that the court acted in excess of its jurisdiction in "staying" the two-year firearm enhancements, the defendant contends that section 1385 empowered the trial court to dismiss the section 12022.5 enhancements, and that section 654 empowered the trial court to stay the enhancements because the facts showed multiple convictions arising out of one indivisible course of conduct.

The following statutes are applicable to the situation presented on this appeal:

Section 1170, subdivisions (a)(2) and (b) provide, in part: "(2) In any case in which the punishment prescribed by statute for a person convicted of a public offense is a term of imprisonment in the state prison of . . . three, six, or eight years . . . the court shall sentence the defendant to one of the terms of imprisonment specified . . . . The court, unless it determines that there are circumstances in mitigation of the punishment prescribed, shall also impose any other term which it is required by law to impose as an additional term. . . .

"(b) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime."

Section 12022.5 provides as follows: "Any person who personally uses a firearm in the commission or attempted commission of a felony shall, upon conviction of such felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he has been convicted, be punished by an additional term of two years, unless use of a firearm is an element of the offense of which he was convicted. . . ."

Section 1170.1, subdivisions (c), (g) and (h) provide as follows: "(c) When the court imposes a prison sentence for a felony pursuant to Section 1170 the court shall also impose the additional terms provided in Sections . . . 12022.5 . . . unless the additional punishment therefore [*sic*] is stricken pursuant to subdivision (g). The court shall also impose any other additional term which the court determines in its discretion or as required by law shall run consecutive to the term imposed under Section 1170. In considering the imposition of such additional term, the court shall apply the sentencing rules of the Judicial Council.

"(g) Notwithstanding any other provision of law, the court may strike the additional punishment for the enhancements provided in Sections . . . 12022.5, . . . if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment.

"(h) For any violation of subdivision (2) or (3) of Section 261, . . . the number of enhancements which may be imposed shall not be limited, regardless of whether such enhancements are pursuant to this or some other section of law. Each of such enhancements shall be a full and separately served enhancement and shall not be merged with any term or with any other enhancement."

Section 1385 provides as follows: "The judge . . . may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

*Section 1385 does not permit the "stay" of execution of the enhancement of a sentence under section 12022.5*

■ Section 1385 provides that a judge may dismiss an action in the furtherance of justice. Under the precedents discussed below, this language permits the "striking" of an enhancement under some circumstances. (See also

rule 445, Cal. Rules of Court.) In the case at bench neither the basic charge, forcible rape, in counts 6, 9 and 26, nor any of the additional terms of imprisonment under section 12022.5, were "dismissed" or "stricken." At the time of sentencing, the court expressly stated, "I am going to stay the enhancement allegations. I am not striking them." Again, when the court was asked by the prosecuting attorney whether there was anything in the case in mitigation, the court responded, "I am not striking it because I think I would have to make findings in mitigation. I think I am acting, if I am authorized to do so, lawfully under section 1285 [*sic*] in staying them."

There is nothing in the language of section 1385, which permits the "stay" of all or part of a sentence. Further, by its very terms, section 1385 provides that when a judge dismisses (or strikes) all or a part of a criminal action, under the authority of section 1385, the reasons for the dismissal or striking must be set forth in an order entered upon the minutes. That was not done in the case at bench.

In *People* v. *Williams* (1981) 30 Cal.3d 470 [179 Cal.Rptr. 443, 637 P.2d 1029], the Supreme Court has said that section 1385 gives the trial court the power to dismiss or "strike" certain allegations for the purposes of sentencing. In *Williams,* the court held that the trial court had the power under section 1385 to dismiss special circumstances findings requiring a sentence of life without possibility of parole. The court said, "Section 1385 permits dismissals . . . where the Legislature has not clearly evidenced a contrary intent." (*Id.* at p. 482.)

The trial judge in this case did not "strike" the section 12022.5 enhancements pursuant to section 1385. He "stayed" them. Thus, the considerations raised in *Williams* and the cases cited therein are largely inapplicable.

We note, in considering the application of section 1170, subdivisions (a)(2) and (b) and section 1170.1, subdivision (g), that the court expressly found that there were no circumstances in mitigation in the case at bench. Thus, the requirements of section 1170.1, subdivision (g) for striking the enhancements were not met.

*Consecutive enhancements for each of several violent sex crimes involving firearm use are not barred by section 654*

Section 654, which provides that an act made punishable by different provisions may be punished under only one of them, does not authorize the stay in our case. Normally, section 654 prohibits more than one punishment for a single course of conduct, as well as one act, and one of the sentences must be stayed. (*People* v. *McFarland* (1962) 58 Cal.2d 748, 762-763 [26 Cal.Rptr.

473, 376 P.2d 449]; *People* v. *Mendevil* (1978) 81 Cal.App.3d 84, 89 [146 Cal.Rptr. 65].)

■ The difference between "striking" and "staying" is not a mere linguistic difference. As discussed above, striking the enhancements would have implied a finding that they were insupportable in the interests of justice or would have required mitigating factors. (§§ 1385, 1170.1, subd. (g).) The decision to "stay" is, on the other hand, a sentencing method; that is, a sentence may be "imposed" or "stayed." Section 1170.1, subdivision (c) requires that a section 12022.5 enhancement term be "imposed" unless the additional punishment is "stricken" pursuant to section 1170.1, subdivision (g), which, in turn, requires a finding on the record of mitigating circumstances.

Further, section 1170.1, subdivision (h) provides that each enhancement on a violent sex crime (including rape) "be a full and separately served enhancement . . . not . . . merged with any term or with any other enhancement." The stay had the prohibited effect in this case.

Count 6 involved Deborah T.; count 9 involved Susan G.; and count 26 involved Colleen F.

Counts 6 and 9 did occur during the same time period, on April 16, 1980, when defendant approached Deborah T. and Susan G. and drove away with both of them at gunpoint. Defendant raped both victims (§ 261, subds. (2), (3)).

Count 26 occurred on September 16, 1980, when defendant approached both Colleen F., and Collette G. (count 24). Defendant used a gun against both victims, but raped only Colleen F. (count 26). Defendant's sentence on count 24 for violation of section 207 was stayed pursuant to section 654 and does not affect the sentence on count 26.

Normally, only one section 12022.5 enhancement may be imposed where "all the charged offenses are incident to one objective and effectively comprise an indivisible transaction," even if there is more than one victim. (*In re Culbreth* (1976) 17 Cal.3d 330, 333-334 [130 Cal.Rptr. 719, 551 P.2d 23].)

However, in the present case the rapes of Deborah T. (count 6) and of Susan G. (count 9) took place as separate transactions. Defendant first had a sex act with Deborah T., then talked for about half an hour, then raped Deborah T., then talked some more and removed some rocks from the area, then talked more, then raped Susan G., then again raped Deborah T. The facts of this case show that the gun was used to accomplish two separate rapes of these two women, separated by some time and thought on defendant's part.

■ Sex crimes against multiple victims are deemed separate transactions for purposes of section 654, for sentencing on the crime itself. (*People* v. *Perez* (1979) 23 Cal.3d 545, 553 [153 Cal.Rptr. 40, 591 P.2d 63, 3 A.L.R.4th 339].) Moreover, section 1170.1, subdivision (h) mandates imposition of a full, consecutive term for each enhancement on each enumerated sex crime. (See *People* v. *Ottombrino* (1982) 127 Cal.App.3d 574, 588-589 [179 Cal.Rptr. 676], where the trial court was found to have improperly stayed a three-year enhancement under section 12022.3 incident to a conviction of rape, in view of the clear command of § 1170.1, subd. (h).) Imposition of separate enhancements on counts 6, 9, and 26 does not violate section 654 in this case.

In *People* v. *Edwards* (1981) 117 Cal.App.3d 436, 448 [172 Cal.Rptr. 652], the court found that the amendment of section 1170.1, subdivision (h), to expressly provide that the number of enhancements cannot be limited as to rape and certain other sex crimes, showed a clear legislative intent to create an exception to the rule of *In re Culbreth, supra,* in the case of those sex crimes. The validity of this exception was further supported by our Supreme Court in *People* v. *Cardenas* (1982) 31 Cal.3d 897, 913, footnote 9 [184 Cal.Rptr. 165, 647 P.2d 569] when it stated, in a footnote, that section 1170.1, subdivision (h), was one "possible exception" to the single-occasion rule of *Culbreth.*

Defendant admits in his reply brief that *People* v. *Edwards, supra,* and section 1170.1, subdivision (h) apply to his case.

We also note that the trial court could not have intended to stay the section 12022.5 enhancement because of the single transaction rule, because if it had, it would have stayed only one enhancement, not both, as to counts 6 and 9.

### DISPOSITION

The judgment of conviction is affirmed, and the case is remanded to the trial court for resentencing consistent with the views expressed in this opinion.

Klein, P. J., and Lui, J., concurred.