[Crim. No. 13068. Third Dist. Aug. 16, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID ROMAN FITCH, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*See footnote 1, *post*, page 213.

**COUNSEL**

Amiran J. Givon, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and J. Robert Jibson, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**PUGLIA, P. J.**—The issue here is whether a firearm use enhancement charged and proved under Penal Code section 12022.5 may be added to each of several full, separate consecutive terms mandated by subdivision (d) of Penal Code section 667.6 for certain sex crimes. We hold that such multiple use enhancements are authorized by subdivision (i) of Penal Code section 1170.1 (all further references to sections of a code are to the Penal Code).

Charged in a fifteen-count felony complaint, defendant entered a negotiated plea of guilty in the municipal court as follows: to four counts of

robbery (§ 211, counts I, II, III and V) occurring respectively on November 27 and 28 and December 3 and 15, 1982; to four counts of forcible oral copulation (§ 288a, subd. (c), counts VII, X, XII, and XIV) occurring in a single episode on December 9, 1982, but each involving a separate victim within the meaning of section 667.6, subdivision (d). Defendant also admitted using a firearm in the commission of all of the above offenses with the exception of the robbery in count I. (§ 12022.5.)

Defendant was sentenced in the superior court as follows: for the robbery in count III, designated the principal term, a sentence of five years plus two years for firearm use; for the robberies in counts I, II and V, consecutive sentences of one year each, with eight-month consecutive enhancements for firearm use added to counts II and V; for each of the sex offenses in counts VII, X, XII and XIV, consecutive terms of six years under Penal Code section 667.6, subdivision (d), enhanced by two years each for firearm use. Defendant's total unstayed term is 41 years, 4 months.

On appeal defendant contends the court erred in imposing firearm use enhancements on each of the four sex offense terms because they were part of one criminal transaction. We shall affirm the judgment.[1]

I

■ Relying on *People* v. *Rodriguez* (1984) 160 Cal.App.3d 207 [206 Cal.Rptr. 563], defendant asserts that enhancement of each of the four sex offenses for firearm use violates the rule of *In re Culbreth* (1976) 17 Cal.3d 330 [130 Cal.Rptr. 719, 551 P.2d 23]. *Culbreth* held that section 12022.5 may be invoked only once where "all the charged offenses are incident to one objective and effectively comprise an indivisible transaction, . . ." (P. 333.) The rule of *Culbreth* was reaffirmed following the passage of the determinate sentence law in *People* v. *Cardenas* (1982) 31 Cal.3d 897 [184 Cal.Rptr. 165, 647 P.2d 569].

In *Rodriguez* the trial court had imposed, among other sentences, full consecutive aggravated terms for three sex crimes pursuant to section 667.6, subdivision (c), then added consecutive two-year weapon use enhancements to each under section 12022.5. The appellate court disapproved the impo-

---

[1]Defendant's remaining contentions are: abuse of discretion in imposing a state prison sentence rather than a Youth Authority commitment and denial of equal protection through subjection to the mandatory sentencing scheme of section 667.6, subdivision (d), as opposed to the discretionary sentencing scheme of section 667.6, subdivision (c). The discussion of these contentions, which we reject in parts II and III of this opinion, does not meet the criteria for publication (Cal. Rules of Court, rule 976). The Reporter of Decisions is accordingly directed to publish all of this opinion except parts II and III (rule 976.1).

sition of multiple firearm use enhancements under section 12022.5, holding that when multiple sex offenses are punished pursuant to section 667.6, subdivision (c), section 1170.1, subdivision (i), which permits the imposition of unlimited enhancements for enumerated sex crimes, including forcible oral copulation, does not apply. (*People* v. *Rodriguez, supra,* 160 Cal.App.3d at p. 212.)

To the contrary is *People* v. *Bergman* (1984) 154 Cal.App.3d 30 [201 Cal.Rptr. 54]. There the court upheld multiple firearm use enhancements (§ 12022.5) for each of two sex offenses punished under section 667.6, subdivision (c), on the ground that section 1170.1, subdivision (i), created an exception to the single occasion rule set forth in *In re Culbreth, supra,* 17 Cal.3d 330. (*Bergman,* at pp. 34-35.)

In meeting defendant's contention we need not enter the *Bergman/Rodriguez* controversy. Both of those cases involved sentencing under subdivision (c) of section 667.6 rather than, as here, subdivision (d) of the same section. Unlike subdivision (d), subdivision (c) of section 667.6 provides for an alternative scheme of sentencing "In lieu of [that] provided in Section 1170.1, . . . ." Subdivision (d) of section 667.6 is obviously not an alternative sentencing scheme to that in section 1170.1. Rather, it is mandatorily applicable to cases within its terms, supplanting to that extent the generally applicable consecutive sentencing scheme of section 1170.1. However, unlike subdivision (c) of section 667.6, the Legislature did not make subdivision (d) mutually exclusive with the totality of section 1170.1. Thus to the extent they are not inconsistent with subdivision (d), the provisions of section 1170.1 apply to cases within subdivision (d) (see *Rodriguez,* 160 Cal.App.3d at p. 218, fn. 13).

Subdivision (i) of section 1170.1 deals with enhancements, a subject not covered by subdivision (d) of section 667.6, and is therefore not inconsistent with subdivision (d). Subdivision (i) is expressly applicable to forcible oral copulation and provides that "the number of enhancements which may be imposed [in such cases] shall not be limited, regardless of whether such enhancements are pursuant to this or some other section of law."[2] (See *People* v. *Calhoun* (1983) 141 Cal.App.3d 117, 126-127 [190 Cal.Rptr. 115].)

---

[2]Section 1170.1, subdivision (i), provides in full: "For any violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or sodomy or oral copulation by force, violence, duress, menace or threat of great bodily harm as provided in Section 286 or 288a, the number of enhancements which may be imposed shall not be limited, regardless of whether such enhancements are pursuant to this or some other section of law. Each of such enhancements shall be a full and separately served enhancement and shall not be merged with any term or with any other enhancement."

Defendant also contends that subdivision (i) of section 1170.1 was not meant to create an exception to the rule of *Culbreth* but authorizes unlimited enhancements only of a single sex offense violation. Defendant argues that subdivision (i)'s introductory phrase "For any violation" indicates it was not intended to apply to multiple sex offense violations. Had the Legislature intended to create an exception to *Culbreth,* defendant continues, it would have used "clearer" language such as, "For one or more violations . . . ."

Not too surprisingly, defendant cites no authority for his position. *People v. Rodriguez, supra,* 160 Cal.App.3d 207, does not support that interpretation, *People v. Cardenas, supra,* 31 Cal.3d at page 913, casts doubt upon it and *People v. Bergman, supra,* 154 Cal.App.3d 30, flatly rejects it. The only reasonable interpretation is that the phrase "any violation" is limited only by the class of violations enumerated in the statute, which in particular cases may involve one or more of any such violations, and therefore permits enhanced punishment not only of the single offender but, a fortiori, of the more culpable multiple offender.

### II*

. . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Carr, J., concurred.

**BLEASE, J.**—I concur in the judgment of the court that subdivision (i) of Penal Code section 1170.1 reverses the rule of *In re Culbreth* (1976) 17 Cal.3d 330 [130 Cal.Rptr. 719, 551 P.2d 23] as it applies to the offenses listed therein because that is what is strongly suggested in *People* v. *Cardenas* (1982) 31 Cal.3d 897, 913-914 [184 Cal.Rptr. 165, 647 P.2d 569].

A petition for a rehearing was denied September 12, 1985, and appellant's petition for review by the Supreme Court was denied October 31, 1985.

---

*See footnote 1, *ante,* page 213.