996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Roman FITCH, Petitioner-Appellant,
v.
Robert G. BORG, Respondent-Appellee.
 No. 92-16417.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 16, 1993.*
Decided June 18, 1993.
 
 Before GOODWIN, NORRIS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fitch appeals the denial of a writ of habeas corpus. He claims that his prison sentence violated his rights to due process and equal protection because: (1) he should have been placed with the California Youth Authority ("YA") rather than sentenced to prison, (2) his sentence violated the decision of the California Supreme Court in In re Culbreth, 17 Cal.3d 330 (1976), and (3) there is no rational basis to punish appellant, who committed a crime against multiple victims, more severely than a person who committed the same crime against a single victim. We affirm.
 
 
 3
 Appellant pleaded guilty to four counts of robbery, in violation of Cal.Pen.Code § 211. During one of the robberies, appellant forced four women to orally copulate him. He also pleaded guilty to four counts of forcible oral copulation, in violation of Cal.Pen.Code § 288a(c). Appellant admitted to the use of a firearm in each of these crimes with the exception of one of the robberies.
 
 
 4
 Prior to sentencing, the YA issued a report which found that appellant, who was seventeen-years-old at the time of the crimes, was amenable to the training and treatment offered by the YA. It also "concluded that there is a reasonable possibility that the defendant's likelihood to commit criminal behavior cannot be significantly reduced or eliminated during the confinement time and jurisdiction time available." C.R. 3, Exh. E, YA Amenability Determination at 2. The latter conclusion was supported by the findings of the YA staff psychologist and YA staff psychiatrist. Id. at 9-10. The judge sentenced appellant to state prison for a total of forty-one years and four months.
 
 
 5
 The decision to deny a petition for habeas corpus is reviewed de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 
 6
 First, appellant challenges his prison sentence on the ground that the judge's decision was unsupported by substantial evidence of appellant's unsuitability for YA treatment. Under California law, a judge may sentence a minor to prison so long as his decision is supported by "substantial evidence" of "unamenability or unsuitability" to treatment by the YA. People v. Carl B., 24 Cal.3d 212, 217 (1979). Federal habeas relief, however, is "unavailable for alleged error in the interpretation or application of state law." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986).
 
 
 7
 Second, appellant argues that the imposition of separate enhancements for the use of a firearm on each of the four counts of forcible oral copulation violates California state law. See Culbreth, 17 Cal.3d at 333 (only one firearm enhancement where "all charged offenses are incident to one objective and effectively comprise an indivisible transaction"). Appellant implicitly requests that this court review the state appellate court's finding that Culbreth is inapplicable to the present case. See People v. Fitch, 171 Cal.App.3d 211, 213-215 (1985). This claim is predicated on the interpretation of state law and is outside the scope of federal habeas corpus review. Middleton, 768 F.2d at 1085.
 
 
 8
 Finally, appellant challenges the judge's decision to impose full, separate, and consecutive prison terms for each of the four counts of forcible oral copulation. He claims a violation of equal protection because other persons who commit the same crime against a single victim, as opposed to multiple victims, are eligible for more lenient sentencing under Cal.Pen.Code § 1170.1.
 
 
 9
 We note at the outset that appellant's claim is not based upon his membership in any suspect class; rather, it is based upon his membership in a class consisting of persons convicted of sex offenses against multiple victims. We apply "rational basis" review to this type of equal protection claim. McQueary v. Blodgett, 924 F.2d 829, 834-35 n. 6 (9th Cir.1991). California laws authorizing stricter punishment for persons who commit crimes against multiple victims are rationally related to a legitimate governmental interest.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3