Filed 9/11/13  P. v. Barnes CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JAMES BETRON BARNES,<br><br>        Defendant and Appellant. | E057544<br><br>(Super.Ct.Nos. FVI1000094 & FVI1201131)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  John P. Vander Feer, Judge.  Affirmed as modified.

Susan L. Ferguson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

In case No. FVI1201131, a jury found defendant and appellant James Betron Barnes[1] guilty of misdemeanor resisting a peace officer (Pen. Code, § 148, subd. (a)), the lesser included offense of felony resisting an executive officer (Pen. Code, § 69). The trial court thereafter found defendant violated his probation in case No. FVI1000094. In case No. FVI1201131, defendant was sentenced to one year in county jail and given credit of 376 days for time served. In case No. FVI1000094, defendant's probation was revoked and he was sentenced to a total term of eight years in state prison with credit for time served. Defendant appeals from both cases. For the reasons explained *post*, we modify the sentence in case No. FVI1000094. In all other respects, we affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

In February 2010, defendant pled guilty to transportation of a controlled substance. (Health & Saf. Code, § 11352, subd. (a).) He also admitted that he had suffered one prior strike conviction (Pen. Code, §§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) and three prior prison terms (Pen. Code, § 667.5, subd. (b)). In return, the remaining allegation was dismissed, and defendant was placed on Proposition 36 probation pursuant to Penal Code section 1210.1, on various terms and conditions, for a period of three years.

In May 2012, defendant was arrested for resisting arrest and being under the influence. The specifics of that case are as follows: On May 4, 2012, San Bernardino County Sheriff's Deputy Brendan Mahoney was on routine patrol in the City of Victorville

---

[1] Defendant testified that his proper name is James Bu-tron Barnes, Sr. However, the majority of pleadings and the abstract of judgment refer to him as James Betron Barnes

when he was dispatched to an area on B Street. Upon arrival, he encountered someone yelling, "'That's the guy. That's him right there,'" while pointing at a man identified as defendant, hiding behind a vehicle. Deputy Mahoney told defendant to step away from the vehicle and put his hands in the air. Defendant complied, and the deputy saw that defendant was bleeding from his nose and had a swollen left eye.

Defendant began walking toward the deputy, and the deputy ordered defendant to turn around and place his hands on the back of his head. Defendant turned and began to walk away. Deputy Mahoney ordered defendant to stay where he was and place his hands on his head. Defendant, however, continued to walk away. Deputy Mahoney ordered defendant to get down on his knees. Defendant fell or collapsed forward onto his stomach with his arms under his chest, and continued to refuse to comply with the deputy's directives to take his hands out from underneath him.

Deputy Mahoney eventually placed his right knee on defendant's lower back and attempted to pull defendant's arm out from underneath him. A struggled ensued, and the deputy called for back-up. When another deputy arrived, defendant was still resisting. Following several knee strikes to defendant's rib cage and upper back areas by the deputies, defendant stopped resisting and was handcuffed. Medical assistance was called to the scene; however, defendant was combative toward the medical technicians and tried to kick them.

On August 22, 2012, an information was filed charging defendant with felony resisting an executive officer (Pen. Code, § 69, count 1) and misdemeanor under the

3

influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a), count 2).[2] The information further alleged that defendant had suffered five prior prison terms. (Pen. Code, § 667.5, subd. (b).) A petition to revoke defendant's probation in case No. FVI1000094 was also filed.

On October 12, 2012, following a jury trial, defendant was convicted of the lesser included offense of misdemeanor resisting arrest in violation of Penal Code section 148, subdivision (a). Subsequently, the trial court found defendant violated the terms of his probation in case No. FVI1000094 based on the jury's verdict.

The sentencing hearing was held on November 9, 2012. In case No. FVI1201131, defendant was sentenced to 365 days in county jail with credit for time served in the amount of 376 days. In case No. FVI1000094, the court denied probation and sentenced defendant to a total term of eight years in state prison with credit for time served as follows: the midterm of four years for the transportation of a controlled substance offense (Health & Saf. Code, § 11352, subd. (a)), doubled to eight years due to the prior strike. The court also imposed one year terms for each of the three prior prison term enhancements, but stayed sentence on those terms.

II

DISCUSSION

Defendant appealed from both cases and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende*

---

[2] The People later dismissed count 2.

(1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

We have now concluded our independent review of the record and find no arguable issues. However, we do find a sentencing error, which we will correct by modification.

The trial court erred in staying rather than striking the prior prison term enhancements. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241 ["Once the prior prison term is found true within the meaning of [Pen. Code, § 667.5, sub. (b)], the trial court may not stay the one-year enhancement, which is mandatory unless stricken."]; accord, *People v. Campbell* (1999) 76 Cal.App.4th 305, 311; *People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1521; *People v. Savedra* (1993) 15 Cal.App.4th 738, 746-747; *People v. Calhoun* (1983) 141 Cal.App.3d 117, 125-126.) Although a court has the power to strike a prior prison term enhancement under Penal Code section 1385 (*People v. Bradley* (1998) 64 Cal.App.4th 386, 391, fn. 2; *Calhoun*, at pp. 124-125), a court does not have the power under Penal Code section 1385 to stay a prior prison term enhancement (*Calhoun*, at pp. 124-125). Thus, the staying of the prior prison term enhancements was an unauthorized sentence. (See *People v. Irvin* (1991) 230 Cal.App.3d 180, 192-193; *People v. Cattaneo* (1990) 217 Cal.App.3d 1577, 1588-1589.) An unauthorized sentence discovered by an appellate court is subject to correction. (*People v. White Eagle*, *supra*, 48 Cal.App.4th at p. 1521.)

5

The trial court's comments at the sentencing hearing clearly indicated its intent to sentence defendant to a total term of eight years on the probation violation case, and simply erred in "staying" rather than "striking" the three prior prison term enhancements. Accordingly, we will order the prior prison term enhancements stricken rather than stayed.

III

DISPOSITION

The judgment is modified to strike the three prior prison term enhancements relating to case No. FVI1000094. The trial court is directed to amend the November 9, 2012, minute order of the sentencing hearing and abstract of judgment accordingly and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

RICHLI
J.

6