Filed 4/21/25  P. v. McNabb CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARK McNABB,<br><br>    Defendant and Appellant. | B335849<br><br>(Los Angeles County<br>Super. Ct. No. YA092770) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alan B. Honeycutt, Judge.  Affirmed.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

In 2017, Mark McNabb pled no contest to three counts of second degree robbery and admitted personal use of a firearm allegations, two prior strike allegations, one prior serious felony allegation, and two prior prison term allegations.  The court imposed one prior prison term enhancement.  In 2023, McNabb filed a petition for resentencing under Penal Code section 1172.75.[1]  At resentencing, the court struck the now invalid prior prison term enhancement but denied McNabb's request that it strike the additional enhancements under section 1385.  On appeal, McNabb contends this was an abuse of discretion.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

In 2016, McNabb was charged by information with three counts of second degree robbery (§ 211; counts 1, 2, & 5).[3]  As to each count, the information alleged that he personally used a firearm (§ 12022.53, subd. (b)).  The information also alleged that McNabb had suffered two prior strike convictions (§§ 1170.12, 667, subds. (b)–(j)), two prior serious felonies (§ 667, subd. (a)(1)),

---

[1]     All undesignated statutory references are to the Penal Code.

[2]     We do not include a summary of the facts underlying McNabb's conviction as they are not relevant to the issue on appeal.

[3]     The information also charged two codefendants with second degree robbery and attempted second degree robbery in counts 2 through 9.  Only the codefendants were charged in counts 3, 4, and 6 through 9.

and had served two prior prison terms within the meaning of section 667.5, subdivision (b).

In October 2017, McNabb pled no contest to counts 1, 2, and 5. He also admitted the personal use of a firearm allegations and that he suffered two prior strike convictions, one serious prior felony conviction, and two prior prison terms. The court granted McNabb's motion to strike a juvenile prior conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The People moved to dismiss one prior serious felony allegation, and the court also recognized that one of the prior prison term enhancements could not be imposed because it was also the basis for one of the prior strike allegations.

The trial court sentenced McNabb to a total prison term of 21 years and eight months. The sentence consisted of the following: five years (the upper term), doubled under the Three Strikes law, plus one year for the personal use enhancement (count 1); one year (one-third of the midterm), doubled, plus four months for the personal use enhancement (count 2); and one year (one-third of the midterm), doubled, plus four months, for the personal use enhancement, plus five years, for the prior serious felony enhancement, and one year for the prior prison term enhancement (count 5). The trial court granted the People's motion to dismiss any remaining counts and strike any remaining allegations.

In October 2023, McNabb petitioned for resentencing under section 1172.75, moving to strike the section 667.5, subdivision (b) prior prison term enhancement. (§ 1172.75 [deeming § 667.5, subd. (b) prior prison term enhancements invalid except when based on sexually violent offense, and creating resentencing procedure].) McNabb additionally

3

requested that the court strike the personal use and serious felony enhancements under section 1385, subdivision (c). (§ 1172.75, subd. (d)(2) [in resentencing, court must apply changes in law that reduce sentences or give court discretion to eliminate sentencing disparities and promote uniformity of sentences].)

In November 2023, the court struck McNabb's prior prison term enhancement pursuant to section 1172.75. It then considered McNabb's request regarding the remaining enhancements. The court indicated it had reviewed McNabb's points and authorities in support of the petition and supporting documentation, as well as the probation report and the relevant portions of the case file, of which it had taken judicial notice. It provided a tentative ruling indicating it recognized its discretion under section 1385 and was not inclined to strike the enhancements.

After hearing argument, including the People's opposition to McNabb's request, the court declined to strike the remaining enhancements. The court explained:

> "The court recognizes its authority to strike priors and enhancements under [section] 1385 . . . . I recognize that there is a presumption. I recognize that there is a preference. And the Legislature has been clear that they want to—for the court to find those opportunities to strike enhancements and allegations in a case, particularly those that would result in multiple enhancements rising to a sentence of in excess of 20 years.
>
> "In this case the defendant was charged with multiple counts of robbery involving a firearm. He was also looking at multiple life sentences. He

4

negotiated the settlement of 21 years and eight months.

"The State Legislature has [seen] fit that the court should be able to reexamine negotiated pleas and determine and exercise its discretion. Recognizing my discretion, I do think that in the interest of justice that it would be an abuse of my discretion to impose a sentence that does not include these enhancements in light of the conduct and the pleas that were entered at the time of the sentence in October of 2017."

The court resentenced McNabb to a term of 16 years and eight months. The new sentence consisted of the mid-term on count 1 (3 years), doubled as a result of the strike, plus one year for the personal use enhancement; the same sentence on count 2 as previously imposed (2 years and 4 months); and the same sentence on count 5, without the prior prison term enhancement (7 years and 4 months).

McNabb filed a timely notice of appeal.

## DISCUSSION

### McNabb Has Not Established that the Trial Court Abused Its Discretion in Denying His Request to Strike His Multiple Enhancements Under Section 1385

Effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) amended section 1385. (Stats. 2021, ch. 721, § 1.) As amended, section 1385, subdivision (c)(1) provides that "the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Section 1385, subdivision (c)(2) states that "the court shall consider and afford great weight" to evidence

5

of certain enumerated mitigating circumstances.  "[T]he presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Ibid*.)  One of the mitigating circumstance is when "[m]ultiple enhancements are alleged in a single case.  In this instance, all enhancements beyond a single enhancement shall be dismissed." (*Id*., subd. (c)(2)(B).)

In his opening brief on appeal, McNabb argued the trial court erred because section 1385, subdivision (c) requires that the trial court dismiss all but one enhancement unless it finds dismissal would endanger public safety.  At the time, there was a split of authority regarding the scope of the trial court's discretion not to dismiss enhancements in the absence of a finding that dismissal would endanger public safety.  (Compare *People v. Ortiz* (2023) 87 Cal.App.5th 1087 (*Ortiz*), with *People v. Walker* (2022) 86 Cal.App.5th 386.)

However, shortly after McNabb filed his opening brief, our high court clarified the sentencing court's discretion under section 1385 in *People v. Walker* (2024) 16 Cal.5th 1024, 1028 (*Walker*).  In *Walker*, the court rejected the argument that section 1385, subdivision (c)(2), created a rebuttable presumption in favor of dismissal that can only be overcome by a finding that the dismissal would endanger public safety.  (*Walker*, at p. 1033.) *Walker* held that "absent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present. [Citation.]  In other words, if the court does not find that dismissal would endanger public safety, the presence of an

6

enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' [Citation.]" (*Id*. at p. 1029.)

McNabb acknowledges *Walker* in his reply brief. However, he maintains that the trial court abused its discretion by failing to give great weight to the enumerated mitigating factor of his multiple enhancements; failing to find " 'substantial, credible, evidence of countervailing factors' that neutralized the weight of the mitigating circumstance"; and failing to make a "specific finding" that dismissal of the enhancements would endanger public safety.

We review a trial court's decision declining to strike an enhancement under section 1385 for an abuse of discretion. (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 298 (*Mendoza*); see also *People v. Carmony* (2004) 33 Cal.4th 367, 373.) A court abuses its discretion if its decision is "so irrational or arbitrary that no reasonable person could agree with it" (*Carmony*, at p. 377), or if the decision is made without the sentencing court's informed discretion or the court is unaware of the scope of its discretionary powers. (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988.) " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary." ' " (*Carmony*, at p. 376.)

We begin with McNabb's argument that the judgment must be reversed because there was an enumerated mitigating circumstance and the trial court failed to make a specific finding

that dismissing the enhancements would endanger public safety. *Walker* clarified that the trial court has the discretion not to dismiss enhancements even if such a finding is not made. As the court explained in *Walker*, the court may decline to dismiss enhancements if it finds "substantial, credible evidence of countervailing factors" that " 'neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' [Citation.]" (*Walker*, *supra*, 16 Cal.5th at p. 1029.)

We reject McNabb's contention that the trial court's ruling was not based on such substantial, credible evidence of countervailing factors. The record indicates the underlying crimes involved three separate victims, on two different dates, and McNabb personally used a firearm in each robbery. Further, according to the probation report, McNabb was on parole for a prior robbery when he committed the two new charged robberies. The trial court expressly noted the charges involved multiple counts of robbery and the use of a firearm, and further noted that McNabb was exposed to multiple life sentences for the charged crimes. (See *Mendoza*, *supra*, 88 Cal.App.5th at p. 293 [defendant's use of a firearm to carry out a robbery was evidence of risk to public safety].)

McNabb does not assert that this evidence was not reasonable, credible, or of solid value. He makes no specific argument as to the court's consideration of his conduct and the seriousness of the charged crimes, except to assert that the court incorrectly understood that section 1385 did not apply because his conviction resulted from a plea. This argument, however, misconstrues the trial court's ruling. While the court noted McNabb's plea, it did not find that the plea itself precluded

dismissal of the enhancements. To the contrary, it expressly recognized that the Legislature allowed the trial court to "exercise its discretion" to strike enhancements despite a negotiated plea.

We further reject McNabb's contention that the trial court gave insufficient weight to the mitigating factor of his multiple enhancements. In *Walker*, the court explained that the term "great weight" as used in section 1385, subdivision (c)(2), "refers to 'the trial court's evaluation of the defendant's evidence in the first instance[ ]' [citation]" and "requires a sentencing court to 'engage[ ] in a holistic balancing with *special emphasis* on the enumerated mitigating factors.' [Citation.]" (*Walker*, *supra*, 16 Cal.5th at p. 1034, quoting *Ortiz*, *supra*, 87 Cal.App.5th at pp. 1096, 1098.) Regarding "weighs greatly," the court reasoned that this requires the court " 'to consider carefully,' 'to a great extent,' 'extensively, exceedingly; highly' " the mitigating circumstances. (*Walker*, at p. 1035.) But the *Walker* court emphasized that, "ultimately, the court must determine whether dismissal is in furtherance of justice." (*Id*. at p. 1036.)

Although the trial court here ruled on McNabb's request without the benefit of *Walker*, it expressly acknowledged there was a legislative preference for dismissal. Indeed, the court appeared to follow the line of reasoning later rejected in *Walker*, which held there is a *presumption* of dismissal when the mitigating circumstance of multiple enhancements is present. Applying this arguably higher threshold, the court indicated it had reviewed the record and considered the relevant circumstances. We have no basis to conclude the court failed to engage in the "holistic balancing" described in *Walker*, with

9

proper consideration of the mitigating factor.  (*Walker, supra*, 16 Cal.5th at pp. 1035–1036.)

Finally, we disagree that the trial court was required to state that it gave the mitigating factor "great weight," make specific findings, or use any precise or specialized language regarding the "countervailing factors" to establish it properly exercised its discretion pursuant to section 1385.  "[N]o particular language [is] required for the trial court to *decline* to dismiss one of the four enhancements . . . .  Section 1385, subdivision (a), requires a trial court to state its 'reasons for the dismissal . . . orally on the record,' but there is no similar statutory requirement when a court denies a request to dismiss an enhancement."  (*People v. Bravo* (2025) 107 Cal.App.5th 1144, 1157, italics added.)

Here, the trial court expressly considered the presence of an enumerated mitigating circumstance, stated that it understood its discretion under section 1385, and declined to strike the enhancements in the interests of justice.  "We assume the trial court was aware of and followed applicable law."  (*People v. Coleman* (2024) 98 Cal.App.5th 709, 724; see also *People v. Calhoun* (1983) 141 Cal.App.3d 117, 126 [a court's sentencing decision implies requisite subsidiary findings].)  McNabb has not established that the trial court abused its discretion in concluding that dismissing the personal firearm use and serious felony enhancements was not in furtherance of justice.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.