Filed 8/8/13  P. v. Sult CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055060 |
| v. | (Super.Ct.No. FSB1000973) |
| JAMES JESSE SULT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Duke D. Rouse, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Daniel G. Koryn, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

On March 26, 2010, the San Bernardino County District Attorney filed an information charging defendant and appellant James Jesse Sult with second degree robbery (Pen. Code, § 211, counts 1, 11-12, & 20), first degree residential robbery (Pen. Code, § 211, counts 2 & 3), possession of a firearm by a felon with a prior conviction (former Pen. Code, § 12021, subd. (a)(1) [now § 29800, subd. (a)(1) (Stats. 2010, ch. 711, § 6)],[1] counts 4, 8, 14, & 21)[2], first degree burglary with a person present (Pen. Code, § 459, counts 5, 13, & 15), attempted carjacking (Pen. Code, §§ 664/215, subd. (a), count 6), assault with a firearm (Pen. Code, § 245, subd. (a)(2), count 7), attempted first degree residential robbery (Pen. Code, §§ 664/211, counts 9 & 10), unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a), count 16), evading an officer (Veh. Code, § 2800.2, subd. (a), count 17), assault upon a peace officer (§ 245, subd. (c), counts 18 & 19), and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a), count 22).  As to counts 1-3, 6, 9-12, and 20, the information alleged that defendant personally used a firearm, within the meaning of Penal Code section 12022.53, subdivision (b).  As to counts 5, 7, 13, 15, and 16, the information alleged that defendant personally used a firearm, within the meaning of Penal Code sections 1203.06,

---

[1]  See *People v. Jones* (2012) 54 Cal.4th 350, 352.

[2]  To be consistent with the parties' briefs, and for the sake of clarity, we will simply refer to former section 12021 as section 12021 in this opinion.

subdivision (a)(1), and 12022.5, subdivision (a). The information also alleged that defendant served two prior prison terms. (Pen. Code, § 667.5, subd. (b).)[3]

Defendant pled guilty to all counts and enhancements. A trial court sentenced defendant to a total sentence of 38 years 10 months,[4] as follows: as to the principal term in count 2, the upper term of six years, plus a consecutive 10 years for the firearm use enhancement; as to count 1, a consecutive one year, plus a consecutive three years four months on the firearm use enhancement; on count 6, a consecutive 10 months, plus three years four months on the firearm use enhancement;[5] as to count 9, a consecutive eight months, plus three years four months on the firearm use enhancement; as to count 15, a consecutive one year four months, plus one year four months on the firearm use enhancement; as to count 18, a consecutive one year four months; and, as to count 20, a consecutive one year, plus three years four months on the firearm use enhancement. As to counts 3, 10-14, 19, 21-22 and their enhancements, the court imposed concurrent

---

[3] All further statutory references will be to the Penal Code, unless otherwise noted.

[4] The court announced that the total term imposed was 39 years 10 months. However, the terms imposed actually added up to 38 years 10 months. We note that the clerk's transcript and the abstract of judgment correctly state that the total term imposed was 38 years 10 months.

[5] The court erroneously referred to the attempted carjacking conviction as count 3. It is count 6.

terms. As to the remaining counts, the court imposed but stayed their sentences pursuant to section 654.[6] The court also imposed two 1-year terms for the prison priors.

On appeal, defendant contends (1) the trial court abused its discretion in imposing the upper term on count 2, and (2) the court should have stayed the sentence on count 14 under section 654. We affirm.

FACTUAL BACKGROUND

Defendant pled guilty to all counts, thereby admitting that, from the period of February 18, 2010 through March 9, 2010, he committed four counts of second degree robbery (Pen. Code, § 211, counts 1, 11-12, & 20), two counts of first degree residential robbery (Pen. Code, § 211, counts 2 & 3), four counts of possession of a firearm by a felon with a prior conviction (Pen. Code, § 12021, subd. (a)(1), counts 4, 8, 14, & 21), three counts of first degree burglary with a person present (Pen. Code, § 459, counts 5, 13, & 15), attempted carjacking (Pen. Code, §§ 664/215, subd. (a), count 6), assault with a firearm (Pen. Code, § 245, subd. (a)(2), count 7), two counts of attempted first degree residential robbery (Pen. Code, §§ 664/211, counts 9 & 10), unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a), count 16), evading an officer (Veh. Code, § 2800.2, subd. (a), count 17), two counts of assault upon a peace officer (Pen. Code, § 245, subd. (c), counts 18 & 19), and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a), count 22).

---

[6] We note that the court included counts 13 and 14 again when it announced the counts to which it was going to apply section 654. The court apparently erred in doing so. (See § II., *post*.)

4

## ANALYSIS

### I. The Trial Court Properly Imposed the Upper Term on Count 2

Defendant argues the court improperly imposed the upper term on count 2, since the court relied on improper factors, and the aggravating factors did not outweigh the mitigating factors. We conclude that the court properly sentenced defendant to the upper term.

#### A. *Standard of Review*

"'Sentencing courts have wide discretion in weighing aggravating and mitigating factors [citations], and may balance them against each other in "qualitative as well as quantitative terms" [citation] . . . . We must affirm unless there is a clear showing the sentence choice was arbitrary or irrational.' [Citation.]" (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582.)

#### B. *Factual Background*

Defendant pled guilty to first degree residential robbery (§ 211) in count 2. The victim of this offense was Dianne Crowther (the victim). She presented a victim impact statement at the sentencing hearing. She said she was 66 years old, and her husband was 74 years old. On February 21, 2010, they sat down to watch television when their dogs started to bark. They looked up to see a masked man (defendant) standing in their bedroom about five feet away from them, pointing a large gun at them. Defendant grabbed her by the arm, pulled her up, and held the gun behind her ear. He demanded that she and her husband take him to their safe. Defendant continually pointed his gun at the victim's husband, directed him to take him to the safe, and asked him to show him

5

where his wallet was.  Defendant also held the gun at the victim's temple while he took money from her purse.  Defendant held his gun to the victim's head for over 15 minutes.  At one point, defendant took the victim and her husband to the closet and had them kneel down.  Defendant "put the gun to the top of [her] head," and the victim thought he was going to execute them.

C. *The Court Properly Considered the Factors*

At the sentencing hearing, the court stated numerous reasons for imposing the upper term on count 2.  The court found that the following aggravating factors applied: (1) there was a threat of great bodily harm; (2) some of the victims were particularly vulnerable, based upon their age and circumstances; (3) there was planning; (4) defendant had prior convictions; (5) he had served prior prison terms; and (6) he was on parole when the crimes were committed.  "[A] court needs only one factor to impose the aggravated term.  [Citation.]"  (*People v. Kelley* (1997) 52 Cal.App.4th 568, 581; see also *People v. Osband* (1996) 13 Cal.4th 622, 730.)  The court here listed not just one but several factors that adequately supported the imposition of the aggravated term.

Defendant asserts that the aggravating factors used by the court were:  (1) the threat of great bodily harm; (2) victim vulnerability; and (3) defendant's prior convictions.  He neglects to mention the three other factors cited by the court.  Defendant proceeds to argue that the court should have disregarded the three factors he asserted.  He states that the first factor relied upon by the court (the threat of great bodily harm) was based on the fact that he used a weapon during the commission of the robbery in count 2.  He claims the court improperly relied on this factor because he received a separate 10-

6

year term on the firearm use. However, the court did not mention the use of a gun in finding this aggravating factor. Moreover, the record shows that defendant threatened to kill the victim if she "screw[ed] up" or did not do what he told her to do. Such direct verbal threats supported the court's use of the "threat of great bodily harm" aggravating factor. (*People v. Edwards* (1981) 117 Cal.App.3d 436, 445-446.)

Defendant next argues that the court improperly relied on victim vulnerability as an aggravating factor. He claims that the court could not rely on the fact that defendant committed the robbery against an older victim since "the victim's age and status as a robbery victim were already elements of the offense." He asserts that "by definition, any victim of a robbery offense is a particularly vulnerable victim." Defendant cites *People v. Quinones* (1988) 202 Cal.App.3d 1154 (*Quinones*), overruled in part by *People v. Soto* (2011) 51 Cal.4th 229, 248, footnote 12, and *People v. Alvarado* (2001) 87 Cal.App.4th 178 (*Alvarado*) in support of his position. However, these cases are easily distinguishable. The defendant in *Quinones* was convicted of committing a lewd or lascivious act on a child under the age of 14. (*Quinones*, at p. 1159; § 288.) Thus, age was an element of the offense. In *Alvarado*, the court imposed a sentence enhancement for a specified offense against a person who was 65 years or older. (*Alvarado,* at p. 193; § 667.9, subd. (a).) Unlike these cases, the victim's age and vulnerability here are not elements of robbery. Section 211 only requires a finding of "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

Defendant further contends that the court improperly relied on the factor that he had suffered prior offenses, since he received enhancements for his two prior prison terms under section 667.5, subdivision (b). He appears to be claiming that the court made an improper dual use of facts. However, California Rules of Court, rule 4.421(b)(2), permits the court to use as an aggravating factor the fact that "[t]he defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness." The record here reflects that, excluding the two prison priors, defendant had suffered six other prior convictions. Thus, the court could easily establish the aggravated sentence without the prison priors. (*See People v. Bejarano* (1981) 114 Cal.App.3d 693, 706.) Moreover, absent an affirmative indication in the record that the trial court included the prison priors as part of defendant's criminal pattern under California Rules of Court, rule 4.421(b)(2), we will not presume they were so used. (*Bejarano*, at p. 706.)

Furthermore, contrary to defendant's contention that the court failed to adequately consider the mitigating factors, the record reflects that the court took into consideration all of the factors in aggravation and mitigation as contained in the probation reports, recommendation report, and the sentencing memo filed on behalf of defendant. We also note that the court heard and considered defense counsel's argument regarding mitigating circumstances.

In view of the numerous aggravating factors, we cannot say that the court's decision to impose the upper term on count 2 was arbitrary or irrational. Thus, we must affirm the court's decision. (*Avalos*, *supra*, 47 Cal.App.4th at p. 1582.)

## II. Section 654 Does Not Apply

The record shows that, when pronouncing judgment, the trial court imposed a concurrent two-year term on count 14, the felon in possession of a firearm (§ 12021) conviction. However, the court thereafter stated, "The following counts will be—sentence will be imposed but stayed under Penal Code section 654." The court went on to list the remaining counts and included count 14 again. On appeal, the parties do not mention that the court announced the sentence on count 14 twice. Rather, both parties argue as if the court just imposed the term concurrently on count 14. Defendant points out that the court imposed firearm use enhancements on counts 9 through 13. (§§ 12022.53, subd. (b), 1203.06, subd. (a)(1), and 12022.5, subd. (a).) He then claims that the evidence shows he possessed a firearm only in conjunction with counts 9 through 13. Thus, he avers that section 654 barred the sentence on the felon in possession of a firearm conviction in count 14. The People respond that the court properly sentenced defendant to the concurrent term on count 14 because it constituted a separate offense under section 654. Assuming the court misspoke when it listed count 14 among the sentences to which it applied section 654, as the parties appear to do, we disagree with defendant that section 654 applied to bar the sentence on that count.[7]

---

[7] We note that the clerk's transcript and the abstract of judgment reflect that the court imposed a sentence on count 14 and ran it concurrent to the principal count. They do not reflect that the court stayed the sentence on count 14 under section 654. We further observe that the court similarly imposed the sentence on count 13 concurrently and then apparently misspoke in listing count 13 among the sentences to which it applied section 654. The clerk's transcript and abstract of judgment reflect that the court ran the

*[footnote continued on next page]*

9

Section 654, subdivision (a), provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Section 654 precludes multiple punishments not only for a single act, but also for an indivisible course of conduct. (*People v. Hester* (2000) 22 Cal.4th 290, 294.) "The purpose of this statute is to prevent multiple punishment for a single act or omission, even though that act or omission violates more than one statute and thus constitutes more than one crime." (*People v. Hutchins* (2001) 90 Cal.App.4th 1308, 1312 (*Hutchins*).)

"The question whether section 654 is factually applicable to a given series of offenses is for the trial court, and the law gives the trial court broad latitude in making this determination. Its findings on this question must be upheld on appeal if there is any substantial evidence to support them. [Citations.] 'We must "view the evidence in a light most favorable to the respondent and presume in support of the [sentencing] order the existence of every fact the trier could reasonably deduce from the evidence. [Citation.]" [Citation.]' [Citation.]" (*Hutchins*, *supra*, 90 Cal.App.4th at p. 1312.)

Section 12021, subdivision (a), forbids convicted felons from possessing any firearm. "Whether a violation of section 12021 . . . constitutes a divisible transaction from the offense in which he employs the weapon depends upon the facts and evidence of

_____

*[footnote continued from previous page]*
sentence on count 13 concurrent to the principal count, as well. There is no issue on appeal regarding count 13.

10

each individual case. [Citation.] Thus where the evidence shows a possession distinctly antecedent and separate from the primary offense, punishment on both crimes has been approved. [Citations.] On the other hand, where the evidence shows a possession only in conjunction with the primary offense, then punishment for the illegal possession of the firearm has been held to be improper where it is the lesser offense. [Citations.]" (*People v. Venegas* (1970) 10 Cal.App.3d 814, 821.)

For example, in *People v. Ratcliff* (1990) 223 Cal.App.3d 1401 [Fourth Dist., Div. Two], the defendant was convicted of two counts of robbery with the use of a firearm and with being a felon in possession of a handgun. (*Id*. at p. 1404.) He argued that the firearm use and being a felon in possession of a concealable firearm were "part of a continuous transaction" and, as a result, the sentence on the felon in possession charge should have been stayed pursuant to section 654. (*Ratcliff*, at pp. 1407-1408.) In analyzing the existing authorities on the issue, this court "distill[ed] the principle that if the evidence demonstrates at most that fortuitous circumstances put the firearm in the defendant's hand only at the instant of committing another offense, section 654 will bar a separate punishment for the possession of the weapon by an ex-felon." (*Id*. at p. 1412.) This, however, was not such a case. Rather, the evidence showed the defendant used a handgun to commit the robberies about an hour and a half apart, and that he possessed the handgun when he arrived at the scene of the first robbery. When he was arrested half an hour later, he still had the handgun in his possession. (*Id*. at p. 1413.) We concluded section 654 did not preclude separate punishments because "[a] justifiable inference from this evidence is that defendant's possession of the weapon was not merely simultaneous

11

with the robberies, but continued before, during and after those crimes." (*Ratcliff*, at p. 1413.)

Here, there is substantial evidence in the record to support a finding that defendant's possession of the handgun was "distinctly antecedent and separate" from the offenses he committed in counts 9-13. The police report states defendant told a police detective he purchased a .45-caliber gun, extra magazine, and ammunition for $450 about six weeks prior to March 6, 2010, the date on which he committed the offenses in counts 9-13. He said he bought the gun for protection. Thus, contrary to defendant's claim, the evidence does not show that he possessed the firearm "only in conjunction with" the offenses in counts 9-13. Rather, it shows that he possessed a firearm for several weeks before he committed those offenses.

We conclude that the felon in possession offense was independent of and separable from the offenses defendant committed in count 9-13. Thus, section 654 does not preclude a separate punishment for this offense.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

J.

We concur:

RAMIREZ
P. J.

MILLER
J.